NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—
April, 1882.

### SECOR v. SENTIS.

*In the matter of the judicial-settlement of the account of* CHARLES G. SENTIS *and* WILLIAM LOCKWOOD, *executors, etc., of* JAMES SIMONSON, *deceased.*

The statute, 2 *R. S.*, 93, § 58, providing that, upon settlement of an executor's account, "the Surrogate shall allow to him" compensation, etc., is not mandatory. Its object was to furnish a definite and simple rule *as to amount*, to be applied in all cases where there should be need for

SECOR *v.* SENTIS.

the application of any rule at all; and not to restrict testators either from fixing compensation to the exclusion of statutory allowances, or from forbidding any compensation whatever.

*It seems,* that section 2737 of the Code of Civil Procedure, forbidding an allowance to an executor for whom the will provides a specific compensation, unless he renounces the latter, is not equivalent to a declaration that such a renunciation will in all cases entitle him to statutory commissions.

The testator, by his will, granted to one of two executors, and to the wife of the other, one-half of the residuum, and declared that the executors should receive no compensation or fees, for their services in settling the estate. Accordingly, on their final accounting, the executors asked for fees. *Held,* that they could not have any.

Halsey *v.* Van Amringe, 6 *Paige,* 12; Dakin *v.* Demming, *Id.,* 95;—explained.

APPLICATION, by executors, for commissions upon the judicial settlement of their account. Leonora Secor and others, infant legatees, appeared on the settlement. The facts appear sufficiently in the opinion.

KELLY & MACRAE, *for executors.*

R. B. GWILLIM, *special guardian for Leonora Secor.*

A. J. DITTENHOEFER, *for other infant legatees.*

THE SURROGATE.—The testator declared by his will that his executors should receive no compensation or fees, for their services in settling his estate. They are now about to make their final accounting, and they ask the allowance of the ordinary commissions, despite this inhibition of the will. They claim, indeed, that they are absolutely entitled under the statute, and that the Surrogate has no discretion in the premises. The statute provides that, upon settlement of an executor's account, the Surrogate "shall allow" him, in compensation for his services, a sum to be determined in a certain pre-scribed mode.

In support of the position that this statutory provision is mandatory, and that no departure from it is ever permissible, two cases are cited : Halsey *v.* Van Amringe (6 *Paige*, 12) and Dakin *v.* Demming (6 *Id.*, 95). Neither of them seems to me to support the claim of these executors. The former case simply decided that the Surrogate erred in not allowing to an administrator his statutory commissions, out of a balance of assets in his hands at the final accounting, but compelling him, as that balance was insufficient for the payment in full of those commissions and of certain costs and allowances to counsel, to accept a pro rata division with the rest. The other case (Dakin *v.* Demming) is quite as indecisive of the matter here at issue. No decision has been cited which holds that, where a will expressly denies an executor compensation, he may nevertheless claim it as of right.

It is, however, suggested that such a right is implied in the Code (§ 2737), which declares that "where the will provides a specific compensation to an executor, he is not entitled to any allowance for his services, unless, by a written instrument filed with the Surrogate, he renounces his specific compensation." Can this be fairly interpreted as a declaration that, in all cases, a renunciation of the particular compensation specified in a will entitles the executor, as of course, to the statutory commissions ?

To say that one shall never have one thing, without giving up his claim to another, is not the same as to say that he can always have the first, if the second is surrendered ; and to say that one shall never have two things at once is by no means equivalent to saying that

he can always have his choice between them. If a will declared that its executor should have a certain specified sum for his services, and should have no other or different sum, I see no such inflexibility in the statute as to forbid the strictest adherence to the wishes of the testator.

Meacham *v.* Sternes (9 *Paige*, 403), involved the question of the compensation of trustees, under a deed containing no provision for their payment. Chancellor WALWORTH held that, in such a case, trustees should be given the same allowance as executors could claim by law ; that that sum should be deemed as tacitly understood, where there had been no agreement or direction otherwise ; but that, where the instrument creating the trust fixed a different compensation, or declared that none should be allowed, the instrument itself settled the question of allowance. That case is analogous to the one here presented.

These executors entered upon their task, as it seems to me, with an implied,—it might almost be said, with a direct,—understanding, that they would make no charge for their services. It is not apparent that they would have been selected, upon any other terms than the testator specified in his will. They were not bound to accept the trust, but, having done so, they are bound by its conditions.

The object of the statute fixing executors' commissions was to furnish a definite and simple rule, to be applied in all cases where there should be need for the application of any rule at all. It was not intended to restrict testators either from fixing compensation

to the utter exclusion of statutory allowances, or from forbidding any compensation whatever.

I hold, therefore, that these executors cannot claim, as of absolute right, any commissions, and that if the giving or withholding them is in the discretion of the Surrogate, they ought to be disallowed, in the present case.

To one of these executors, and to the wife of the other, the will grants one-half of the residuary estate. That is probably the reason for the testator's views as to compensation.    And the reason seems reasonable

Ordered accordingly.