NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—May, 1883.

MATTER OF GERARD.

*In the matter of the estate of* JAMES W. GERARD, *deceased.*

An executor and general legatee who, when his legacy becomes payable, is in possession of funds of decedent's estate applicable thereto, and suffers his claim to remain uncollected, cannot afterwards have interest thereon.

Where an executor is denied compensation in the will, the Surrogate cannot allow him commissions on the ground that it, by the non-action of a co-executor, his labors have been more onerous than testator anticipated.

Testator, in a codicil to his will, provided: '' In a former codicil, I gave P., as one of my executors, five hundred dollars a year for a certain number of years. I have made no provision to pay my son (G.) and B., the other executors, any commissions, because they will work for themselves and their children.'' B. having died at an early stage of the administration, whereby the entire burden of the executorial duties fell upon P. and G., the latter, on the accounting, asked for the statutory compensation, notwithstanding the inhibition of the will.—

Held, that there was no evidence of an intent, on the part of the testator, that the allowance to P., or the denial of compensation to G., should be dependent on the extent of their services or the magnitude of their responsibility, and that the application must be denied.

THIS was the settlement of the decree upon the judicial settlement of the account of James N. Platt and James W. Gerard, as executors of decedent's will. Thomas C. T. Buckley, named in the will as an executor, never qualified, and died five months after decedent's death. James N. Platt asked to have inserted in the decree an allowance of interest upon an annual stipend given to him in lieu of commissions. James W. Gerard asked for commissions, as executor. The other facts appear sufficiently in the opinion.

JOHN M. BOWERS, *for executors.*

H. KETTELL, *for F. H. Wiggin, legatee.*

JAMES WOOD, *for Mrs. Slack.*

CAMPBELL H. YOUNG, *special guardian.*

THE SURROGATE.—Now that the decree is about to be entered, whereby the account of decedent's executors and trustees is to be judicially settled, two questions are presented for my determination.

*First.* To Mr. Platt, one of the parties here accounting, the testator, by a codicil to his will, gave a fixed annual compensation, in lieu of that which the statute prescribes, for services in the administration of an estate. No part of this compensation has as yet been paid, though several years have elapsed since he first assumed the duties of his trust. His counsel now claims that he should be allowed interest upon his legacy, at the statutory rate.

The language of the codicil, so far as it need be quoted for present purposes, is as follows:

"I give to James N. Platt, one of my executors and trustees, . . . in full and in lieu of all charges and commissions . . . the sum of $500 a year, for ten years after my decease, to be paid to him at the end of each successive year after my decease."

It does not seem to be disputed that, from the beginning of their administration, the executors have been in possession of funds from which Mr. Platt might have retained, as promptly as they fell due, the respective sums to which he has annually become entitled. This circumstance is fatal, I think, to his claim for interest. Indeed, it might well be doubted whether such a claim could be maintained, even if the executor's delay in appropriating his legacy had been necessitated by insufficiency of assets applicable to its payment (Morris v. Kent, *2 Edw. Ch., 175;* Adams v. Gale, *2 Atk., 106*). However that may be, it seems clear that, by suffering his bequest to remain uncollected when he had full authority to withdraw it from the estate, he has not entitled himself to the payment of interest.

*Second.* The second codicil to the testator's will contained the following provision: "In a former codicil I gave Mr.

Platt as one of my executors five hundred dollars a year for a certain number of years. I have made no provision to pay my son and Mr. Buckley, the other executors, any commissions, *because they will work for themselves and their children."*

The italicised portion of the above quotation admittedly refers to the fact that, by his various testamentary instruments, the decedent had made liberal provision for the family of his son, and for that of Mr. Buckley, his son-in-law.

The language which I am asked to construe seems to me so explicit that no words of interpretation can make it clearer. I think that the testator meant to provide that in no contingency should either Mr. Platt or Mr. Buckley receive any compensation, whatever, for performing the duties of his trust. The counsel for the accounting parties does not deny that the Surrogate is bound to refuse compensation to executors, whenever the will of their decedent absolutely forbids its allowance (Meacham v. Stearnes, *9 Paige, 403*). But he claims that, in the present case, it was the expectation of the testator that Mr. Buckley would qualify as executor, and perform, as such, his fair share of the laborious and complicated duties which the will imposed, and that, if the testator had contemplated that the entire burden of administering the estate would fall upon the parties now accounting, he would have made some specific provision for their compensation, or at least have left unimpaired their right to the statutory compensation.

It is profitless to speculate about the testator's intentions in this regard, except as those intentions are disclosed by his language. And his language is not suffi-

ciently elastic to permit the interpretation which is here sought to be put upon it. If the terms of the will and codicils were such that the benefits which they conferred upon his son and his son's children were curtailed by the early death of Mr. Buckley, and by his failure to render service as executor, there might possibly be some foundation for the claim which is here set up. But such is not the case. And the testator has given no intimation that either his distinct allowance of compensation to Mr. Platt, or his distinct denial of compensation to Mr. Platt's associates, should be dependent, in the least, upon the extent of the service, or the magnitude of the responsibility, which the proper conduct of the affairs of his estate might be found to involve. He directed that Mr. Platt should receive an annual recompense of $500, apart from considerations as to the amount of his labors, or the nature of the assistance received from his associates, and he directed that Mr. Gerard and Mr. Buckley should go un-rewarded, whether they give much or little time and trouble, or no time or trouble at all, to the details of administration.

When the testator said "they will work for themselves and their children," he meant that they would at all times render gratuitously whatever service the exigencies of the case might demand.

None of the persons named as executors were bound to accept the trust, but such of them as assumed its duties became bound by the conditions which the testator had chosen to impose, however stringent such conditions might prove to be (Secor v. Sentis, *5 Redf.*, *570*).

A decree may be submitted for settlement in conformity with this decision.