NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—November, 1884.

MARSHALL *v.* WYSONG.

*In the matter of the estate of* JOHN R. MARSHALL, *deceased.*

Where there are two reasonable and consistent interpretations of a testamentary provision, by one of which an executor would be debarred from receiving any compensation for the rendition of official service, while the other would effect no such inhibition, the court is bound to adopt the latter.

Testator, who left an estate of the value of more than $100,000, above all debts, nominated his wife and two other persons as executrix and executors of his will, which contained an article as follows : " It is my request that the persons herein named as executors will consent to act as such executors and trustees, and that each executor and trustee, *other than my wife,* do also take and receive the full rate of commissions provided by law for each executor, intending thus to provide suitable compensation for their services in, and attention to the duties devolved upon them." The statute, in force at the time of the execution of the will, allowed to each of three executors, in the case of such an estate, the full commissions awardable to a sole executor. Letters testamentary were issued to all the nominees. Upon a judicial settlement of the representatives' account, the widow's right to compensation being questioned,—

*Held,* that the intent, evinced by the italicized words, was to exclude the wife of testator, not from the category of those who should take and receive compensation for the performance of official duty, but from that of those to whom he preferred the request to take and receive the same ; that, accordingly, the will containing no denial of compensation

MARSHALL V. WYSONG.

to the widow, she was entitled to her share of three full commissions, to be determined, pursuant to Code Civ. Pro., § 2736, upon proof of the proportionate value of the services which she had rendered.

SETTLEMENT of decree, entered in proceedings for the judicial settlement of the account of James P. Kernochan and John J. Wysong, as executors of decedent's will. The facts are stated in the opinion.

J. F. KERNOCHAN, *for accounting executors.*

MARTIN & SMITH, *for widow.*

NASH & KINGSFORD, *for Martha M. Wysong.*

WILLIAM JAY, *and* EDWARD S. DAKIN, *special guardians.*

THE SURROGATE.—By his will, dated June 20th, 1873, this testator appointed his wife, Eveline G. Marshall, his executrix, and James P. Kernochan and John A. Kernochan his executors. He subsequently added to this list, by a codicil executed February 18th, 1881, the name of John J. Wysong. On April 20th, 1881, the testator died. Between that date and October 28th, next following, the Surrogate issued letters testamentary to each of the four persons entitled thereto.

A decree, judicially settling and determining the accounts of the executors, is now about to be entered, and the question arises whether any provision should be made therein for payment of commissions to Mrs. Marshall. The account itself contains a statement, verified by the oaths of all the executors; to the effect that the executrix has never actively participated in the management of the estate. This allegation is denied by one of her objections, and is pronounced to

be "incorrect and misleading." The referee, to whom were submitted the various issues of the accounting, found, by his report, that none of Mrs. Marshall's objections were well taken. He did not refer specifically to that one which relates to the character and extent of her services as executrix, and, for that reason, perhaps, none of her exceptions to the report make any reference to such objection. Under these circumstances, it is insisted that the Surrogate, in deciding, as he did decide, several months since, to confirm, in all things, the referee's report, has already passed adversely upon the very claim which is here set up, in behalf of Mrs. Marshall. This position may, perhaps, be technically correct, though, upon several grounds, even its technical correctness may well be doubted. But, in view of the fact that the Surrogate did not discover, until after announcing his decision, that the question of Mrs. Marshall's right to commissions was involved, or was claimed to be involved, in the proceedings before the referee, and did not intend, in declaring his approval of the referee's report, to determine that question, it will be treated as if it were now, for the first time, presented for his consideration.

If this executrix has any just claim to commissions, her title rests upon § 2736 of the Code of Civil Procedure, as amended by L. 1881, ch. 535, § 23. The section, as thus amended, contains the following provision : "Where the value of the personal estate of the decedent amounts to one hundred thousand dollars or more, over all his debts, each executor or administrator is entitled to the full compensation al-

lowed by law to a sole executor or administrator, unless there are more than three, in which case the compensation to which three would be entitled shall be apportioned among them, according to the services rendered by them respectively."

In the present case, it is undisputed that the value of the testator's estate, in excess of his indebtedness, is far more than 100,000. In the absence, therefore, of any contrary direction in the will, this executrix is entitled to such proportion of three full commissions as her services bear to the entire *quantum* of service rendered in the management of this estate. It is claimed, however, that, by the terms of the will, she is prohibited from receiving such commissions, or any commissions whatever.

I adhere to the views which I expressed in Secor v. Sentis (5 *Redf.*, 570), and in Matter of Gerard (1 *Dem.*, 244), that a testator can effectually forbid the payment, to his executors, of any compensation for their services. It becomes necessary, therefore, to examine, in the present case, that article in the will which is claimed to deprive this executrix of rights that would be secured to her, in the absence of such article, by the provisions of the statute above quoted.

*First.*—This is the language of the will: "It is my request that the persons herein named as executors will consent to act as such executors and trustees, and that each executor and trustee, *other than my wife,* do also take and receive the full rate of commissions provided by law for each executor, intending thus to provide suitable compensation for their

services in and attention to the duties devolved upon them."

Now, what is the significance of the expression "other than my wife," as it is used in the foregoing sentence? Of course, the wife is shut out from *some* category, in which the two other executors are included. But from what? The testator does not, it will be observed, expressly *give* the compensation indicated by his will to all the executors except his wife. He "requests" that such executors, other than his wife, shall "receive and take" such compensation. Now, with what is the idea of exclusion, involved in the exception "other than my wife," here associated? Is it associated with the word "request," or with the words "receive and take?" This is an important inquiry; for, while either construction would be sensible enough, only one of them could operate to deprive the executrix of the statutory compensation. Has the testator, in effect, said: "I request that all my executors, except my wife, *shall receive and take* full commissions, etc., and I request that my wife *shall not receive and take* such commissions;" or has he simply said: "*I request* that all the executors, except my wife, shall receive and take full commissions, but, as to my wife, *I do not make such request?*" For aught that is disclosed by the terms of the will itself, and I have nothing else to guide me to its correct interpretation, the somewhat unusual circumstance that this testator chose to supplement the clause appointing his executors with another, requesting them all to serve, and saw fit, also, to request the Messrs. Kernochan to "receive

and take," as his executors, the commissions for which he made special provision in their behalf, may have been solely due to some apprehension on his part that, without these strong intimations of his wishes, those gentlemen might refuse to act, or might,. if they should accept the trust, refuse to accept compensation. And his exclusion of his wife, therefore, from the class of those whom he thus *requested* to take and receive commissions, may be fully explained, either by his confidence that, without injunctions from him, she would be likely to demand her legal commissions, or by his indifference as to whether she laid claim to them or not.

Now, if there be two interpretations of this will, by one of which the executrix would, and by the other of which she would not, be shut out from receiving compensation, and if both interpretations are reasonable and consistent, I am bound to adopt the latter. For, by virtue of the statute, she has a positive right to compensation, unless, by virtue of the. will, that right is taken away. And the will does not so operate, unless its terms are necessarily in conflict with the terms of the statute.

*Second.*—A construction, which would thus reconcile the provisions of the will with the right of the executrix to receive commissions, seems to me to bear the test of still closer scrutiny and analysis.

Whatever may have been the testator's knowledge, or lack of knowledge, when he made the will, as to the extent of the compensation, which, in the absence of a special provision in that instrument, the law then in force would award to his executors, and whatever

standard, concordant with that fixed by statute, or variant from it, he may have supposed that he was establishing, as regarded the two Messrs. Kernochan, the fact remains that the amount of commissions, to which those executors would have been entitled under the law then in force, was, in no respect, either restricted or enlarged by the directions of the will.  As regarded the rate of commissions upon estates whose value, above debts and liabilities, was not less than $100,000, the law then in operation was L. 1863, ch. 362, § 8, which declared that, where there were several executors, their commissions should not be apportioned according to their services, but that each executor should be entitled to the commissions of a sole executor, unless the number of executors should exceed three, in which event they should each take an equal share of three full commissions.

What the testator says, therefore, is this, and nothing more,—that the two Messrs. Kernochan shall each have, as executor, the same compensation that he could lawfully claim, if remitted to his rights under existing laws.  And yet, in spite of the fact that the language of the will, in this regard, is quite free from ambiguity, I think it clear that the testator must have supposed that he was providing for the Messrs. Kernochan other and larger compensation than that established by statute.  The last clause, in the above quotation from the will, seems inexplicable upon any other hypothesis.  The testator there assigns his reason for giving the direction contained in the clause preceding.  He declares that, by that direction, he has aimed to *"provide suitable compensation"* for the

services of his executors.   Now, is it at all likely that
the insertion, in his will, of a provision which, as we
have seen, was utterly unnecessary and ineffective in
point of fact, would have been accompanied by these
words of explanation, *if such provision had been
known to be unnecessary and ineffective by the testator
himself?*   It is much more reasonable to suppose that
he may have been unacquainted with the statutory
provision increasing the rate of executors' commis-
sions, in cases where the estates committed to their
charge equalled or exceeded $100,000 in value, and
may, therefore, have thought that, unless he made
special provision for larger compensation, the execu-
tors and executrix would be, together, entitled to no
more than a single commission ; and that he, accord-
ingly, made use of the language now under interpre-
tation, with the mistaken belief that he was providing,
for each of the two Messrs. Kernochan, as "suitable
compensation" for the services which he should
thereafter render, three times the amount which those
services, measured by the statutory standard, *as the
testator understood it,* would entitle him to receive.
It seems to me that the disputed article is not only
fairly susceptible of this construction, but is hardly
consistent with any other.   It is difficult to believe
that it was actually its exclusive *object,* as, upon any
theory adverse to the claim of the executrix, it is
unquestionably its exclusive *effect,* to deprive Mrs.
Marshall of all commissions as executrix.   If the
words "other than my wife" constitute, and were
meant to constitute the whole spirit and essence of
the provision in dispute, the testator, certainly, took

a very roundabout and intricate course for accomplishing a very simple and definite purpose. " My wife shall receive no commissions for acting as my executrix"—are words, for example, which would have effectually served his purpose, and would have utterly cut away the ground on which rests the present contention. These words of explanation furnish, therefore, a cogent argument in support of the claim that the exception regarding the wife, whatever may be its true import, was not the sole object, and probably not the principal object, of the provision here in question. For, it is a significant circumstance that those words of explanation have no bearing whatever upon the words " other than my wife ; " they relate exclusively to the clause respecting the Messrs. Kernochan, and their employment by the testator affords, therefore, strong indication that, in his estimation, that clause had some positive force and effect, and was, accordingly, worth explaining.

If this be the case—if the testator supposed that the provision for which he saw fit to assign a reason, entitled the Messrs. Kernochan, as executors, to a larger compensation than that established by law—it is clear that the words " other than my wife" contain no necessary implication, and, indeed, convey no special suggestion that, for executorial service which the wife might thereafter render, she should go wholly unrewarded. For nobody would think of claiming that those words indicated a disposition, on the testator's part, to deprive his widow of whatever commissions the law might allow her, were it not for the fact that it is just such commissions as were

grantable under the law in force when the will was executed—no more, no less, no other—that the testa-. tor expressly provides for the unexcepted persons.

Suppose that, after naming A., B. and C. as his executors, he had provided compensation for "each of them except A.," by any of the following methods: (a) By giving them a specified sum,—whether just equal to the amount of statutory commissions, or largely exceeding, or falling far short thereof, it matters not; and giving such sum without allusion to any provision of law applicable to the subject; or, (b) By giving such specified sum in lieu of statutory commissions; or, (c) By giving such specified sum in addition to statutory commissions; or, (d) By giving such compensation as would bear some specified ratio to the amount of statutory commissions, as, for instance, double the amount of such commissions, or half that amount: in any of those cases, and, indeed, in any supposable case where the testamentary compensation expressly provided for B. and C. was not, *by the very terms of its creation,* precisely that which the law would have given them if the will had been silent, it is plain that, despite the words of exception, the right of A. to statutory commissions would be in no wise impaired. The exception would exclude A. from the enjoyment of the particular reward which the will bestowed on his fellow executors, and from naught beside.

Now, it seems to me that, in the present case, the words "other than my wife" must be construed precisely as it would have been necessary to construe them, if the testator, by that article of the will where-

in they appear, had, *in fact provided*, as in my judgment he plainly *intended to provide*, and *supposed that he was providing*, a special rate of compensation for the Messrs. Kernochan.

If this be the true interpretation of the disputed article, then the rights of the executrix are precisely what they would have been, if the will had said nothing whatever respecting the compensation of any of the persons to whose care the testator committed the posthumous estate. She is entitled to a portion of three full commissions—such portion to be ascertained, as has been already stated, by instituting a comparison between the value of services she has rendered in this administration, and the value of the whole service rendered up to the present time.

A reference will be requisite for taking testimony upon this question of fact, unless, by agreement of the parties interested, it shall become unnecessary.