## SURROGATE'S COURT.

### In the estate of JOHN R. MARSHALL, deceased.

*Will — Construction of — Executors — When not precluded from enforcing a claim to statutory commissions.*

A testator by his will appointed A. B. and C. his executors. The will contained a provision in substance, as follows: "It is my request that A. B. and C. will consent to act as executors, and that each of them other than A. do also take and receive the full rate of commissions provided by law for each executor, intending thus to provide suitable compensation for their services in and attention to the duties herein devolved upon them."

*Held,* that A. was not precluded by the language above quoted from enforcing a claim to be awarded the statutory commissions, even though the statutory commissions awardable under the law in force when the will was executed were precisely what the testator provided for each of his executors other than A.

*New York county, November,* 1884.

ROLLINS, *S.* — By his will, dated June 20, 1873, this testator appointed his wife, Eveline G. Marshall, his executrix, and James P. Kernochan and John A. Kernochan his executors. He subsequently added to this list, by a codicil executed February 18, 1881, the name of John J. Wysong. On April 20, 1881, the testator died. Between that date and October twenty-eight next following, the surrogate issued letters testamentary to each of the four persons entitled thereto.

A decree judicially settling and determining the accounts of the executors is now about to be entered, and the question arises whether any provision should be made therein for payment of commissions to Mrs. Marshall. The account itself contains a statement verified by the oaths of all the executors to the effect that the executrix has never actively participated in the management of the estate. This allegation is denied by one of her objections and is pronounced to be "incorrect and misleading." The referee, to whom were submitted the

In the Estate of John R. Marshall, deceased.

various issues of the accounting, found by his report that none of Mrs. Marshall's objections were well taken. He did not refer specifically to that one of them which relates to the character and extent of her services as executrix, and for that reason, perhaps, none of her exceptions to the report make any reference to such objection.

Under these circumstances it is insisted that the surrogate in deciding, as he did decide several months since, to confirm in all things the referee's report, has already passed adversely upon the very claim which is here set up in behalf of Mrs. Marshall.

This position may perhaps be technically correct, though upon several grounds even its technical correctness may well be doubted. But in view of the fact that the surrogate did not discover until after announcing his decision, that the question of Mrs. Marshall's right to commissions was involved, or was claimed to be involved, in the proceedings before the referee, and did not intend in declaring his approval of the referee's report to determine that question, it will be treated as if it were now for the first time presented for his consideration.

If this executrix has any just claim to commissions, her title rests upon section 2736 of the Code of Civil Procedure, as amended by section 23, chapter 535 of the Laws of 1881.

The section, as thus amended, contains the following provision : " Where the value of the personal estate of the decedent amounts to one hundred thousand dollars or more over all his debts, each executor or administrator is entitled to the full compensation allowed by law to a sole executor or administrator, unless there are more than three, in which case the compensation to which three would be entitled shall be apportioned among them according to the services rendered by them respectively." In the present case it is undisputed that the value of the testator's estate, in excess of his indebtedness, is far more than $100,000. In the absence, therefore, of any contrary direction in the will, this executrix is entitled to such pro-

In the Estate of John R. Marshall, deceased.

.portion of three full commissions as her services bear to the entire *quantum* of service rendered in the management of this estate. It is claimed, however, that by the terms of the will she is prohibited from receiving such commissions or any commissions whatever. I adhere to the views which I expressed in *Secor* agt. *Sentis* (5 *Redf.*, 570), and in *Matter of Gerard* (1 *Demarest*, 244), that a testator can effectually forbid the payment to his executors of any compensation for their services. It becomes necessary, therefore, to examine in the present case that article in the will which is claimed to deprive this executrix of rights that would be secured to her in the absence of such article by the provisions of the statute above quoted.

I. This is the language of the will: "It is my request that the persons herein named as executors will consent to act as such executors and trustees, and that each executor and trustee, *other than my wife*, do also take and receive the full rate of commissions provided by law for each executor, intending thus to provide suitable compensation for their services in and attention to the duties herein devolved upon them."

Now, what is the significance of the expression "other than my wife," as it is used in the foregoing sentence? Of course, the wife is shut out from *some* category in which the two other executors are included. But from what? The testator does not, it will be observed, expressly *give* the compensation indicated by his will, to all the executors except his wife. He "requests" that such executors other than his wife shall "receive and take" such compensation. Now, with what is the idea of exclusion, involved in the exception "other than my wife," here associated? Is it associated with the word "request" or with the words "receive and take?" This is an important inquiry; for while either construction would be sensible enough, only one of them could operate to deprive the executrix of the statutory compensation. Has the testator in effect said, "I request that all

my executors except my wife *shall receive and take* full commissions, &c., &c., and I request that my wife *shall not receive and take* such commissions,"'' or has he simply said, " I *request* that all the executors, except my wife, shall receive and take full commissions, but as to my wife I *do not make such request ?* " For aught that is disclosed by the terms of the will itself, and I have nothing else to guide me to its correct interpretation, the somewhat unusual circumstance that this testator chose to supplement the clause appointing his executors with another, requesting them all to serve, and saw fit also to request the Messrs. Kernochan to " receive and take," as his executors, the commissions for which he made special provision in their behalf, may have been solely due to some apprehension on his part that without these strong intimations of his wishes, those gentleman might refuse to act, or might, if they should accept the trust, refuse to accept compensation. And his exclusion of his wife, therefore, from the class ·of those whom he thus *requested* to take and receive commissions may be fully explained either by his confidence that without injunctions from him she would be likely to demand her legal commissions, or by his indifference as to whether she laid claim to them or not.

Now, if there be two interpretations of this will, by one of which the executrix would, and by the other of which she would not, be shut out from receiving compensation, and if both interpretations are reasonable and consistent, I am bound to adopt the latter. For, by virtue of the statute, she has. positive right to compensation unless by virtue of the will that right is taken away. And the will does not so operate unless its terms are necessarily in conflict with the terms of the statute.

II. A construction which would thus reconcile the provisions of the will with the right of the executrix to receive commissions seems to me to bear the test of still closer scrutiny and analysis.

Whatever may have been the testator's knowledge, or lack

In the Estate of John R. Marshall, deceased.

of knowledge, when he made the will, as to the extent of the compensation, which, in the absence of a special provision in that instrument, the law then in force would award to his executors, and whatever standard, concordant with that fixed by statute or variant from it, he may have supposed that he was establishing as regarded the two Messrs. Kernochan, the fact remains that the amount of commissions to which those executors would have been entitled under the law then in force, was in no respect either restricted or enlarged by the directions of the will. As regarded the rate of commissions upon estates whose value, above debts and liabilities, was not less than $100,000, the law then in operation was section 8, chapter 362 of the act of 1863, which declared that where there were several executors their commissions should not be apportioned according to their services, but that each executor should be entitled to the commissions of a sole executor, unless the number of executors should exceed three, in which event they should each take an equal share of three full commissions.

What the testator says, therefore, is this and nothing more : the two Messrs. Kernochan shall each have as executor the same compensation that he could lawfully claim if remitted to his rights under existing laws. And yet in spite of the fact that the language of the will in this regard is quite free from ambiguity, I think it clear that the testator must have supposed that he was providing for the Messrs. Kernochan other and larger compensation than that established by statute. The last clause in the above quotation from the will seems inexplicable upon any other hypothesis. The testator there assigns his reason for giving the direction contained in the clause preceding. He declares that by that direction he has aimed to "*provide suitable compensation*" for the services of his executors. Now is it at all likely that the insertion in his will of a provision which, as we have seen, was utterly unnecessary and ineffective in point of fact, would have been accompanied by these words of explanation, *if such provision had been known to be unnecessary and ineffective by the testator*

*himself.* It is much more reasonable to suppose that he may have been unacquainted with the statutory provision increasing the rate of executors' commissions, in cases where the estates committed to their charge equaled or exceeded $100,000 in value, and may therefore have thought that unless he made special provision for larger compensation, the executors and executrix would be together entitled to no more than a single commission; and that he accordingly made use of the language now under interpretation with the mistaken belief that he was providing for each of the two Messrs. Kernochan, as "suitable compensation" for the services which he should thereafter render, three times the amount which those services, measured by the statutory standard, *as the testator understood it,* would entitle him to receive. It seems to me that the disputed article is not only fairly susceptible of this construction, but is hardly consistent with any other. It is difficult to believe that it was actually its exclusive *object,* as, upon any theory adverse to the claim of the executrix, it is unquestionably its exclusive *effect,* to deprive Mrs. Marshall of all commissions as executrix. If the words "other than my wife" constitute, and were meant to constitute the whole spirit and essence of the provision in dispute, the testator certainly took a very roundabout and intricate course for accomplishing a very simple and definite purpose. "My wife shall receive no commissions for acting as my executors" are words, for example, which would have effectually served his purpose, and would have utterly cut away the ground on which rests the present contention. These words of explanation furnish, therefore, a cogent argument in support of the claim that the exception regarding the wife, whatever may be its true import, was not the sole object, and probably not the principal object of the provision here in question. For it is a significant circumstance that those words of explanation have no bearing whatever upon the words "other than my wife," they relate exclusively to the clause respecting the Messrs. Kernochan, and their employment by the testator affords

therefore strong indication that in his estimation that clause had some positive force and effect, and was accordingly worth explaining.

If this be the case, if the testator supposed that the provision for which he saw fit to assign a reason, entitled the Messrs. Kernochan, as executors, to a larger compensation than that established by law, it is clear that the words " other than my wife " contain no necessary implication, and, indeed, scarcely convey no special suggestion that for executorial service which the wife might thereafter render she should go wholly unrewarded.

For nobody would think of claiming that those words indicated a disposition on the testator's part to deprive his widow of whatever commissions the law might allow her, were it not for the fact that it is just such commissions as were grantable under the law in force when the will was executed, no more, no less, no other, that the testator expressly provides for the unexcepted persons.

Suppose that after naming A., B. and C., as his executors, he had provided compensation for " each of them except A." by any one of the following methods : (a.) By giving them a specified sum, whether just equaling the amount of statutory commissions or largely exceeding it, or falling far short of it, it matters not ; and giving such sum without allusion to any provision of law applicable to the subject ; or (b.) By giving such specified sum in lieu of statutory commissions ; or (c.) By giving such specified sum in addition to statutory commissions ; or (d.) By giving such compensation as would bear some specified ratio to the amount of statutory commissions, as, for instance, double the amount of such commissions or half the amount ; in any of those cases, if indeed in any supposable case where the testamentary compensation expressly provided for B. and C. was not *by the very terms of its creation* precisely that which the law would have given them if the will had been silent, it is plain that despite the words of exception the right of A. to statutory commissions

would be in nowise impaired. The exception would exclude A. from the enjoyment of the particular reward which the will bestowed on his fellow executors and from naught beside.

Now it seems to me that in the present case the words "other than my wife" must be construed precisely as it would have been necessary to construe them if the testator, by that article of the will wherein they appear, had *in fact provided*, as in my judgment he plainly *intended to provide*, and *supposed that he was providing* a special rate of compensation for the Messrs. Kernochan. If this be the true interpretation of the disputed article, then the rights of the executrix are precisely what they would have been if the will had said nothing whatever respecting the compensation of any of the persons to whose care the testator committed the posthumous estate. She is entitled to a portion of three full commissions — such portion to be ascertained, as has been already stated, by instituting a comparison between the value of services she has rendered in this administration, and the value of the whole service rendered up to the present time.

A reference will be necessary for taking testimony upon this question of fact, unless by agreement of the parties interested it shall become unnecessary.