ORANGE COUNTY.—HON. R. C. COLEMAN, SURRO-
GATE.—February, 1885.

## WELLING *v.* WELLING.

*In the matter of the estate of* WILLIAM R. WELLING,
*deceased.*

Although executors' and administrators' commissions are allowed only by
order of a Surrogate's court, the latter cannot withhold them; except
in certain cases, as where a will denies compensation, or provides
specifically therefor.

Under Code Civ. Pro., § 2736, relating to the commissions of executors,
etc., in cases where the decedent's personal estate amounts to $100,000,
or more, over all his debts, the only conditions necessary to entitle
executors to three full commissions, are that the estate should be of
the requisite value, and that three or more representatives should
qualify and act.

Accordingly where testator, who left an estate of the value of $400,000,
appointed three executors, each of whom qualified, but one of whom
died at the expiration of six months after the grant of letters, having
acted up to that time,—

*Held*, upon an accounting by the survivors, that three full commissions
should be allowed, to be apportioned among the accounting parties and
the representative of the deceased executor, although, by this means,
each of the surviving executors would receive compensation in excess
of full commissions, by reason merely of the death of their associate.

ON January 14th, 1884, letters testamentary were
issued to Thomas Welling, Sarah Welling and John
H. Butts. Butts died July 15th, 1884, after having
acted up to that time. On the accounting, it was
claimed that three full commissions should be allowed
and apportioned, the manner of the apportionment
being agreed upon between the two survivors and the
executrix of the deceased.

The special guardian of Elizabeth Welling and
others, residuary legatees, objected to more than two

full commissions being allowed the survivors, and such an amount to the representative of the deceased as would be proportionate to the services rendered by him.   This estate amounted to nearly $400,000.

GEORGE W. McELROY, *for executor, Thomas Welling.*

H. W. BOOKSTAVER, *for executrix, Sarah Welling.*

L. V. BOORAEM, *for executrix of deceased executor.*

M. N. KANE, *special guardian.*

THE SURROGATE.—Commissions, at the rates fixed by the statute, are allowed only by an order of the court, on the settlement of the executor's account (Red. Surr. Prac., *3rd ed.*, 725 ; *and cases cited*).   The right to such commissions, however, cannot be withheld by the court except in certain cases, as where specific compensation is provided (id., 720 ; *and cases cited*).   The doubt here is occasioned by the death of one of the executors before settlement, and by the fact that the section (2736) allows each executor the full compensation allowed by law to a sole executor; thereby, possibly, raising the implication that each executor must, at least nominally, participate in the administration until the time of settlement of the estate, to entitle him to his full commissions, so that they may be added to the commissions of the others, and apportioned among all, as required by the last clause of the section.

" § 2736.   Where the value of the personal estate of the decedent amounts to one hundred thousand dollars or more, over all his debts, each executor or

administrator is entitled to the full compensation
allowed by law to a sole executor or administrator,
unless there are more than three, in which case the
compensation to which three would be entitled shall
be apportioned among them, according to the ser-
vices rendered by them respectively; and a like
apportionment shall be made in all cases where there
shall be more than one executor or administrator."

The provisions of this section only require, where
there are three or more executors, to entitle them to
three full commissions—1st., a personal estate exceed-
ing $100,000; 2d., three or more executors.    No
reference is made to the extent of the services re-
quired to be rendered by each, to become entitled to a
full commission, except that which is implied by the
provision for apportionment; and this provision for
apportionment is an implied recognition that one may
render less than a fair proportion of the services, and
yet be entitled to full commissions for the purpose of
apportionment.    The provision giving full commis-
sions to each is limited and qualified by the latter
clause, directing the apportionment—only, however,
as to the manner and not as to the amount; for the
wording is that, where there are more than three,
"the compensation to which three would be entitled
shall be apportioned," etc., and "a like apportionment
shall be made in all cases where there shall be more
than one;" that is, a like apportionment shall be
made, in the case of two, of the compensation to
which two would be entitled; and, in the case of
three, of the compensation to which three would be
entitled.

An apportionment of the compensation to which all would be entitled, " according to the services rendered," implies a taking from one and giving to another, and, therefore, one will receive more than a full commission, and another less than a full commission ; otherwise there is no need of an apportionment among them.  If, then, a full commission is allowed for each executor, to be apportioned if all are living at the settlement, although one has rendered less than a fair proportionate share of the services, was it the intention of the legislature that it should be otherwise where an executor dies before the settlement ?  It is my opinion that it was not; for, if the foregoing reasoning be correct, then the legislature intended, by the expression, " the compensation to which three would be entitled," to speak of it as one sum or amount,—that amount to be ascertained by multiplying the commissions of a sole executor by the number of executors up to three ; and in apportioning that amount, when ascertained, the same law should apply as would be the case in an estate of less than $100,000, where there were several executors, and one had died before settlement, i. e., according to the services rendered by each.

This seems to me to be the only sensible conclusion ; for, otherwise, a different rule would prevail in cases where no real difference existed ; as where one executor, after having taken an active part in the administration of the estate, say for three months, voluntarily took no further part in such administration until the settlement, or was unable to do so by reason of death.

Although, as I have said, this seems to be the only sensible conclusion, still I have been at some pains to state the reasoning which led me to it, for the reason that several lawyers of large experience, to whom I have mentioned the subject, were quite decidedly of the contrary opinion.    It seemed to them anomalous that full commissions should be allowed in the case of an executor who had died before settlement, a part of which was to be apportioned among the survivors. It is evident that the legislature, for some reason, intended to allow more commissions where the estate exceeds $100,000; and it is, also, evident that we can-not adopt the amount of the commissions allowed, as a valuation of the services rendered, for the reason that twice or three times as much commissions are allowed for administering estates of $100,000 and upwards, depending only upon the number of executors acting; or, in other words, an executor is allowed just as much for rendering one third of the services, when he is one of the three executors, as he would receive for rendering all the services, if he were the sole executor, notwithstanding the fact that a sole execu-tor is required to administer the estate just as fully as would be required of three executors; on the other hand, if he had a co-executor, who did very little of the work, he would be entitled to nearly two whole commissions.    So, we have all sorts of anomalies under this law, and we need not be surprised at find-ing another.

However, the testator is presumed to know the law, and he has it in his power to determine the amount of expense to which his estate shall be subjected, by

way of commissions, by selecting one, two, three or more executors. He may even provide that they shall not be allowed any commissions (Secor v. Sentis, 5 *Redf.*, 570 ; Matter of Gerard, 1 *Dem.*, 244), or he may fix the sum to be received by the executors in lieu of commissions (§ 2737).

Here, three full commissions allowed by law to a sole executor should be apportioned, and, as those entitled to such commissions have agreed as to the manner of the apportionment, the decree will be made accordingly.