In the Matter of the Accounting of BANK OF NEW YORK AND FIFTH AVENUE BANK, as Trustee of a Trust Established by JUSTINE VAN R. T. FRIBERG, as Settlor.

Supreme Court, Special Term, New York County, September 19, 1950.

*Emmet, Marvin & Martin* for trustee, petitioner.

*Mortimer J. Goodstein*, guardian ad litem of infants, respondents.

EDER, J. The petitioner, as accounting trustee, seeks an order judicially settling its account under the trust indenture and also seeks a construction of said instrument. The trust was created on March 16, 1918, in New York, and was executed here by the settlor and petitioner; the settlor at the time of the creation of the trust was domiciled here; the trust property, consisting entirely of personal property, was delivered to the petitioner in this State.

With regard to the dispositive provisions of the trust, the indenture provides for the payment of the income to the settlor during her life. Upon her death the trust will terminate, whereupon petitioner is directed to transfer the trust property to the person or persons or corporations to whom the same shall be devised and bequeathed by the will of the settlor. If the settlor should die intestate, petitioner is directed to transfer the trust property to the children of the settlor (with provisions for issue of deceased children), and if the settlor should die without issue and intestate, the trustee is directed to transfer the trust property to the heirs and next of kin of the settlor, according to the New York Statute of Descent and Distribution.

The settlor is living and is now a resident of the State of Arizona. None of the adult parties to the proceeding have appeared; the infant parties are represented in this proceeding by a guardian ad litem appointed by this court.

The indenture contains the following provision: "It is further understood and agreed that if the said party of the first part shall be of the age of thirty years or upward, and if neither the said Howard Townsend nor the said Harriet Townsend Barber shall be living, the said party of the second part will, upon the request in writing of the party of the first part, signed, acknowledged and duly recorded, release, transfer and reconvey to the said party of the first part, one-half of the entire personal estate of the Trust Estate hereby granted, together with all accessions or additions which may have been made thereto."

The settlor is now over thirty years of age; she has notified the petitioner of her desire to exercise the right reserved to her under said provision to cause petitioner to transfer to her so much of the trust principal as she may be entitled to receive upon the exercise of such right. Previous distributions from the principal of the trust heretofore received by or for the account of the settlor total $27,467.51, and she would be entitled to presently receive the sum of $7,648.30, if the accounting trustee is authorized to comply with her request.

It is the petitioner's belief that the settlor, under the provisions of the indenture, has the right to withdraw additional trust principal, but feels that the provisions with respect to the extent to which the principal may be so withdrawn are ambiguous. This relates to the provision that the settlor upon her request shall be entitled to receive "one-half the entire personal estate of the Trust Estate hereby granted, together with all accessions or additions which may have been made thereto."

In making its computation as to the balance of the trust principal to which the settlor may be entitled, the petitioner states that it has assumed that this provision of the indenture means the value of the original trust property at the time of its receipt by the petitioner; that this would appear to be the meaning of the words "hereby granted". Petitioner states that it has also taken the words "together with all accessions or additions which may have been made thereto" to mean only actual additions made to the trust by the settlor and were not intended to include realized gains. It is stated, parenthetically, that there were no such additions.

Upon due consideration of the mentioned provisions of the trust indenture, and giving due heed to what the court believes to be the settlor's intent, the court is of the opinion and determines that the settlor is now entitled to request and receive from the trust principal said sum of $7,648.30.

It is observed that the trustee is only required to pay principal to the settlor " upon the request in writing of the [settlor], signed, acknowledged and duly recorded ". It is the opinion of the court that with respect to such request, relating to the withdrawal of trust principal to be paid to her, the settlor meant and intended that such written request be recorded with the trustee and not in the register's office or in any other public recording office, and no valid reason or occasion exists for recording such a request in such a recording office, or with such a recording official.

As to whether the settlor is entitled to include in her request a request for and to receive any further amount from the principal of the trust, the court does not deem it essential to the determination of this application to issue any instruction to the trustee at this time.

As to the request of the petitioner for a construction of the investment provisions of the trust, whereby it seeks a determination that it is authorized to invest in nonlegals and in any legal or discretionary common trust fund of the Bank of New York and Fifth Avenue Bank, the petitioner submits that the indenture may be construed to authorize it to make investments for the account of the trust in any property, whether or not authorized for the investment of trust funds by the laws of this State, including any common trust fund, legal or discretionary, established and maintained by the petitioner Bank of New York and Fifth Avenue Bank, pursuant to section 100-c of the Banking Law and in addition to those specified types of investments specified in the indenture.

The investment provisions are contained in paragraphs third and fifth of the indenture. Paragraph third, as to the proceeds of sale of real estate, provides: " *Third:* To sell and convey the real estate hereby granted or any part thereof, whenever in the judgment of the said party of the second part and its successors it shall be to the interest of the said Trust Estate to sell the same, and upon such sale to invest the proceeds thereof in other real estate or in the improvement of any real estate forming part of the trust estate hereby granted, or in such sound securities as prudent persons are in the habit of selecting for the investment of their own funds, particularly in bonds secured

by first mortgages upon improved real estate in the City of New York, and in the mortgage bonds of sound dividend paying railroad companies, but the said party of the second part shall be under no obligation to invest the said trust funds in the particular kinds of securities which the courts of this state require in the absence of the permission given, or intended to be given, herein; which proceeds shall be subject to the trusts and conditions which have been herein imposed upon said real estate before its conversion.''

Paragraph fifth, as to personal property, provides: '' *Fifth:* To continue the stocks, bond, or other investments in which the said estate shall be invested when received by it; or when, in the judgment of the party of the second part, it shall be to the interest of the trust estate, to change the said investments and to invest and reinvest the proceeds thereof in the several securities above recited as to the investment of the proceeds of real estate.''

The language of the above-quoted provisions clearly indicates the intention of the settlor that investments might be made generally in nonlegals. While the settlor enumerated several classes of investments, viz., the purchase of real estate, the improvement of estate realty, and the acquisition of securities held by prudent persons, such as mortgages and railroad bonds, she further directed that the trustee was not to be obligated to invest the trust property in the securities authorized by courts when investment powers are not granted.

This statement, following the enumeration of real estate, mortgages and bonds, and the reference to investments selected by prudent persons, would be devoid of meaning or purpose if it was not intended thereby to confer upon the trustee added and unlimited powers of investment. If the settlor intended the trustee to participate only in the forms of securities mentioned, or only in legal investments, the reasonable inference and deduction are that she would not have included the last-mentioned clause in the indenture.

It is therefore the considered view of the court that the instant trust empowers the trustee to, and it may participate and invest generally in nonlegal securities and is not confined or limited to '' court '' securities.

As to the request of the petitioner for a determination that it is authorized to invest in any legal or discretionary common trust fund of said Bank of New York and Fifth Avenue Bank, it follows from what has been said above that the petitioner, as trustee, may exercise its said powers by investing in a common

trust, which form of investment in a common trust fund is governed by section 100-c of the Banking Law and the regulations promulgated by the Banking Board thereunder.

It appears that the trust principal aggregated as at September 29, 1949 (the close of the accounting period), the sum of $49,183.19. Petitioner submits that it will facilitate the administration of the trust and will be to the best interests of the beneficiaries if the court determines that investments in units of the petitioner's common trust funds are lawful. It appears from the account filed herein that no investment in any common trust maintained by petitioner has been made.

The court is of opinion that the request for the construction and authorization desires is proper, reasonable and warranted, and the court so determines. One of the basal reasons for the enactment of the common trust fund provisions of the Banking Law was to give to trusts regardless of size the same investment advantages enjoyed by larger trusts, particularly with respect to diversification, and the instant case is one coming within its ambit and intent, justifying such construction and authorization.

Respecting the commissions payable to the petitioner, as trustee, this court has held, in *Matter of Knowles* (N. Y. L. J., Sept. 20, 1950, p. 525, col. 7, decided herewith) that a trustee's commissions are to be computed and paid at the times and in the manner allowed by law in effect at the time of the accounting.

Allowances will be made in the order to be entered hereon.

Motion is granted and disposed of as indicated. Settle order.