OPINION OF THE COURT
Millard L. Midonick, S.
Petitioners, the remaindermen of a trust which had been a part of one of respondent’s common trust funds, seek to have this court fix the date of valuation for the purposes of withdrawal of those funds from the common trust fund. Respondent cross-moves for summary judgment dismissing the petition.
Pursuant to the terms of decedent’s will and codicil, one *502 half of the residuary trust was to remain in trust for the life of the wife of decedent’s son and upon her death the remainder was distributable to the issue of that son. The wife died on September 28, 1978. Notice of her death was given to the bank on September 29, 1978. Subsequently, the common trust fund was valued as of this latter date, the last business day of September, and this trust’s interest was valued at $322,083.30. As of October 31, 1978 and November 30, 1978, the common trust fund was again valued and the trust’s interest therein was respectively $291,226.91 and $294,650.25. The trust was withdrawn from the common trust fund as of the November date although respondent had indicated that it would be withdrawn as of the October valuation date.
Petitioners request that this court fix the date for withdrawal from the common trust fund as September 29, 1978. Respondent, however, contends that the earliest date upon which a withdrawal could be made would have been October 31, 1978, and so, a withdrawal on November 30, 1978 benefited petitioners. Respondent admits that if the value of petitioners’ interest had been lower in November than in October, it would have been liable.
Investment and withdrawal of funds in a common trust is controlled by subdivision 6 of section 100-c of the Banking Law, which provides as follows: "No money of any estate, trust or fund shall be invested in nor funds be withdrawn from a common trust fund except as of a date on or as of which the value of such fund and all investments therein shall be determined * * * No withdrawal of funds shall be made from such common trust fund unless at least ñve days prior to the date of withdrawal notice of intention to make such withdrawal shall have been given to the trust company by a person entitled to require such withdrawal or, in lieu of such notice, the determination to make such withdrawal shall have been noted in the records of such trust company. The court having jurisdiction of an account of a trust company maintaining such common trust fund may by order at any time and whether or not an accounting proceeding is pending fix the date of valuation for the purpose of withdrawal of any share or interest in such common trust fund.” (Emphasis added.) Petitioners seek to avoid the apparent effect of this subdivision on a practicality theory based upon: (1) the provisions of subdivision 8 of section 100-c of the Banking Law: "On or as of the last business days of January, April, July and *503 October of each year, each trust company maintaining such a common trust fund shall determine the value thereof and of the assets or investments therein, pursuant to such rules and regulations as may be prescribed by the banking board with respect thereto * * * Such trust company may in like manner determine such valuations on or as of such other day or days as such trust company selects, provided that such other valuation date is selected for such purpose not less than one week prior thereto and that at the time of such selection a minute thereof is entered in the records of such trust company. Any such valuation so made or action taken in reliance thereon, if made or taken in good faith and pursuant to such rules and regulations of the banking board, shall fully protect such trust company and shall not be questioned upon the settlement of any account relating to such fund” (emphasis added); and (2) 3 NYCRR 22.43 (a) and 22.52 (a) (General Regulations of the Banking Board):
"22.43 Valuation schedule, (a) Within 15 bank business days, or such other reasonable period as may be prescribed by the plan of operation, after any valuation date, the trust investment committee shall cause to be prepared a schedule of investments as of the valuation date which shall contain:
"(1) a description of each security issue or investment;
"(2) its face value;
"(3) its value as carried on the books of the common trust fund and
"(4) its value as determined as of such valuation date.”
* * *
"22.52 Periodic statement, (a) Within 20 bank business days after any valuation date, or within such other reasonable period as may be prescribed by the plan of operation the trust investment committee shall cause to be prepared, as of such valuation date, a statement of condition of the common trust fund on the basis of such valuation, showing separately the items of principal and income, and containing a memorandum of the following:
"(1) the number of units outstanding;
"(2) the value per unit and
"(3) the income per unit since the preceding valuation date.” (Emphasis added.) (Respondent valued the fund in question as of the last business day of each month.)
Petitioners’ position is a novel one and clearly one of first *504 impression. They contend that since respondent is not required to compute the values until 15 days after the valuation date, respondent, admittedly having done so within 10 days but no earlier than 5 days, then the notice is timely. It is agreed that the actual transfers of the money from the common trust fund and notations on the valuation records do not occur until the fund is valued. As long as notice is received on or before the valuation date, petitioners allege that the statutory five-day requirement has been complied with and the respondent is protected, the five-day period having expired before the fund is actually valued and the withdrawn share determined.
State banks as well as national banks are prohibited from exercising any powers not expressly granted to them (O’Connor v Bankers Trust Co., 159 Misc 920, 932-933, affd 253 App Div 714, affd 278 NY 649, citing California Bank v Kennedy, 167 US 362, Nassau Bank v Jones, 95 NY 115; Investment Co. Inst. v Camp, 274 F Supp 624, 641, revd sub nom. National Assn. of Securities Dealers v Securities & Exch. Comm., 420 F2d 83, revd 401 US 617). In addition, "courts should give great weight to any reasonable construction of a regulatory statute adopted by the agency charged with the enforcement of that statute.” (Investment Co. Inst. v Camp, 401 US 617, 626-627, supra.)
A reading of the statute in question, subdivision 6 of section 100-c of the Banking Law, alone supports the respondent that notice for withdrawal of funds from a common trust fund must be given to a bank at least five days before the valuation date. In this instance notice would have had to be given to respondent on or before September 24, 1978 if the September 29 valuation date is to be the one applied. Moreover, 3 NYCRR 22.50 (a) so provides: "No participation shall be admitted to or withdrawn from a common trust fund unless a written request for or notice of intention of taking such action shall have been entered in the records of the trust company and approved by the trust investment committee, at least five bank business days prior to the valuation date.” (See Atnally, Common Trust Funds — A Survey, 44 NY St B J 229, 233.)
Since the statute and regulations are clear, the respondent is prohibited from permitting a withdrawal as of September 29, 1978. Similarly, it would be improper for this court to order such a withdrawal. The only exception thereto would be if the provision were unconstitutional.
*505 Common trust funds have been created to allow trusts other than large ones to be diversified, which is advantageous to the middle and smaller valued trusts (Mullane v Central Hanover Trust Co., 339 US 306; Matter of Friberg, 199 Misc 593). In fact, it has been stated that "[t]he provision for a stated period of time between a decision to withdraw funds from the common trust fund and the time of actual withdrawal is for the protection of the beneficiaries and deprives no one of substantial rights.” (Matter of Lincoln Rochester Trust Co., 201 Misc 1008, 1014.) That court, however, was not presented with the issue as raised herein.
This court has been unable to find any case exactly on point; however, there is an analogous case which has been decided by the United States Supreme Court (Veix v Sixth Ward Assn., 310 US 32). That case involved New Jersey law and the purchase and sale of shares in a building and loan association. State statutes restricted the withdrawals with regard to the time for notice of withdrawals and to the manner of payment. The Supreme Court found that the plaintiff-appellant had purchased the shares at the time that some of the statutory regulations were in effect and that he was bound by all of the statutory provisions in effect at the time he sought to redeem his shares and served his notice of withdrawal as a safeguard to vital economic interests. As a result that court upheld the statutes in question as constitutional in order to effectuate the public policy of protecting financial institutions which are "of major importance to the credit system of the State.” (Veix, supra, p 37.)
Upon similar grounds, this court finds that petitioners are bound by the above withdrawal limitations. These individuals were required to be notified of the intent to deposit the trust assets in the common trust fund, and so they are bound by the statutory provisions in toto.
For the foregoing reasons, the application is denied and the cross motion is granted.