Matter of the Estate of TERESA M. O'DONOHUE, Deceased.

(Surrogate's Court, New York County, May, 1920.)

*Executors and administrators — wills — bequest in lieu of commissions — transfer tax — when amount of commissions not deductible — Tax Law, § 226.*

APPEAL from an order assessing the transfer tax.

John Delahunty, for executors.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for State Comptroller.

FOLEY, S. This is an appeal by executors from the order entered on the report of the transfer tax appraiser upon the ground that a deduction of the statutory commissions was not allowed by him.

The will provides: "I give and bequeath to my executor and executrices hereinafter named one thou-

sand two hundred dollars." In the latter part of the will the testatrix appoints her three children executors and directs that *"they serve without fees."* Reading these paragraphs together, the will must be construed as fixing $1,200 as the compensation of each executor in lieu of fees. The latter clause quoted above would then read as if the testatrix had said " they shall serve without fees, *excepting the compensation hereinbefore fixed."* As my colleague, Surrogate Cohalan, pointed out in *Matter of Neustadter,* N. Y. L. J., Aug. 16, 1913, the executors named could have renounced their appointment and an administrator c. t. a. would have been appointed. They qualified, however, and not having renounced the specific compensation within four months from the date of their letters (Code Civ. Pro., § 2753), they must be held to have accepted the limited allowance fixed by testatrix in lieu of their statutory commissions. These commissions are estimated at $13,500 in all. Under this construction section 226 of the Tax Law does not apply, since the legacy was in lieu of commissions and was less than the amount of the legal commissions. The intent of the testatrix is clear that her estate should not be diminished for commissions by more than $1,200 for each, or a total of $3,600. *Matter of Vanderbilt,* 68 App. Div. 27, 30. Section 226 of the Tax Law reads as follows:

" Section 226. Taxes upon devises and bequests in lieu of commissions.—If a testator bequeaths or devises property to one or more executors or trustees in lieu of their commissions or allowances, or makes them his legatees to an amount exceeding the commissions or allowances prescribed by law for an executor or trustee, the excess in value of the property so bequeathed or devised above the amount of commissions or allowances prescribed by law in similar cases shall be taxable under this article."

Several other legacies are given in the will to each

of the persons named as executors. But the contention of the executors that they are entitled to deduct full legal commissions from these other legacies which were given to the persons nominated executors not as such, but individually, cannot be sustained. For the same reason the fees of the executors in the administration of the trusts created by the will cannot be deducted. The limited amount allowed as compensation by the testatrix and the naming of the executors as such to administer the trust indicate that the sum of $1,200 was to be their full compensation for all duties under the will.

The sum of $1,200 should therefore have been allowed as a deduction from the interest of each person named as executor. Submit order remitting the report to the appraiser for correction accordingly.

Ordered accordingly.