In the Matter of the Application of JACOB VAN BUREN and Another for Construction of the Will of REBA V. B. COHEN, Deceased.

Surrogate's Court, Westchester County, March 8, 1927.

**Executors and administrators — commissions — testatrix made bequest to executor for kindness shown in her lifetime — will directed executors should act without compensation — gift to executor was not legacy for services to be rendered — executor entitled to commissions — coexecutor was given bequest of $10,000 but did not renounce legacy — said executor not entitled to commissions, under Surrogate's Court Act, § 285.**

An executor, to whom testatrix gave a bequest of $5,000 " for his kindness shown to me, after the death of my husband," is entitled to the usual commissions to executors for the time, labor and responsibility of his executorial duties, notwithstanding the fact that said testatrix, in her will, directed that the persons whom she designated as executors and trustees should act without compensation; said executor received no legacy as compensation for services to be rendered. A gift to him was made for what he had done for her in her lifetime.

However, a coexecutor, the recipient of a bequest of $10,000, under the will, not having renounced the legacy, must be regarded as having accepted the allowance made for him under the will, and is not entitled to compensation as an executor, pursuant to section 285 of the Surrogate's Court Act.

APPLICATION for construction of will under section 145 of the Surrogate's Court Act.

*Ackerman & Levet* [*Richard H. Levet* of counsel], for the petitioners.

*Frederick P. Smith* [*John C. Farber* of counsel], for Josiah M. Cohen.

*George Eilperin,* for the American Exchange-Irving Trust Company.

*Charles C. Fenno,* special guardian.

SLATER, S.    This is a proceeding for the construction of a will with relation to the payment of commissions to executors.    The 8th, 9th, 18th and 19th clauses of the will must be considered. They are as follows:

" *Eighth.* I give and bequeath to my beloved nephew, Arthur G. Somers, of Brooklyn, New York, the sum of Five Thousand ($5,000.00) Dollars, absolutely and forever, for his kindness shown to me, after the death of my husband.

" *Ninth.* I give and bequeath to my beloved brother, Jacob Van Buren, of New York City, the sum of Ten Thousand ($10,000.00) Dollars absolutely and forever."

" *Eighteenth.* I nominate, constitute and appoint my brother, Jacob Van Buren, and my nephew, Arthur G. Somers, guardian of my son, Van Buren, also known as Bobbie Cohen.

" *Nineteenth.* I nominate, constitute and appoint my brother, Jacob Van Buren, and my nephew, Arthur G. Somers, and the Irving Bank-Columbia Trust Company, of New York City, Executors and Trustees of this my last Will and Testament, and it is *my wish* that no official bond or other securities shall be required from said Executors and Trustees, Jacob Van Buren and Arthur G. Somers, which may now be required or which may hereafter be required by the Laws of this State or of any other State, in which I may have property at the time of my death; and the said Jacob Van Buren and Arthur G. Somers shall act as such executors, Trustees and guardians without compensation, I having heretofore made bequests to them."

The beneficiaries contend that Jacob Van Buren and Arthur G. Somers, executors, are not entitled to commissions.

Section 285 of the Surrogate's Court Act provides for commissions to executors, and says: " Where the will provides a specific compensation to an executor, administrator, guardian or testamentary trustee, he is not entitled to any allowance for his services, unless by a written instrument filed with the surrogate, within four months from the date of his letter, or in case of a testamentary trustee or guardian, from the date of his filing his oath, he renounces the specific compensation."

Does the will provide a specific compensation to both executors?

The reason the law allows compensation to executors and adminis-

trators is to reward them, not only for their time, labor and trouble in the administering of estates, but also for the responsibility incurred and for the fidelity with which they discharge the duties of their trusts. In some States, a testator cannot by any testamentary provision affect the commissions which the law allows an executor. But, in this State, it has been held that a testator may deprive his executor of all compensation if he so expressly provides in his will. And where a testator makes to his executor a bequest in lieu of compensation for his services, no compensation other than such bequest can be allowed.

The intention of the testator to withhold the usual commissions from the executor must be in language that can be clearly interpreted, for testamentary provisions will not be construed as depriving the executor of the right to compensation if they may be construed otherwise with equal reason. The general rule is that, before a bequest can be held to be made in compensation for services to be rendered by executors, there must be language in the will from which such an intention can be clearly inferred. (*Matter of Kernochan*, 104 N. Y. 618; *Matter of Mason*, 98 id. 527.)

In solving the question presented, let us find support in the two canons of construction — the primary one, that the intention of the testator is to be sought in all his words — and again, that " words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant." (*Matter of Buechner*, 226 N. Y. 440.)

The 8th paragraph of the will provides for a bequest to the nephew, Arthur G. Somers, of $5,000 and the testatrix gives the reason for the bequest, namely, " *for his kindness shown to me after the death of my husband.*" This legacy may well be a payment for a moral debt. It settles a matter of the past. The language in the will attests it. It states her intention in words not to be rejected. The gift clearly is not compensation for the time, labor, trouble and responsibility of trust duties.

It is my opinion that the statement that they shall act as such executors, trustees and guardians without compensation is not prefaced with a " wish " which precedes the statement that no official bond or other securities shall be required. The statement is clearly made that the executors shall act without compensation because " *I having heretofore made bequests to them.*" This statement in its entirety is a misstatement — an untruth — because the testatrix had not made a prior bequest to Arthur G. Somers to compensate him for time, labor and responsibility of the executorship. The gift to him in the 8th paragraph is a closed book. It was made for what he had done for the testatrix in her lifetime.

It settled a prior debt and the testatrix said so. Two things apparently were in her mind, or in the mind of the will draftsman who willfully or inartificially applied words, that the executors were to serve without legal compensation, and the testatrix intended to pay them by a gift of money for such executorial work. She did pay one of the executors by the legacy in the 9th paragraph. Having left her thoughts clearly upon the pages of the will in the 18th paragraph, she nowhere in her will made provision for the compensation by legacy to her nephew, Arthur G. Somers. She simply failed to do what she may have had in mind to do, that is, take Arthur G. Somers' compensation from without the law that governs in such cases.

The brother, Jacob Van Buren, the recipient of $10,000 under the 9th paragraph of the will, not having renounced the legacy, is held to have accepted the limited allowance fixed in the testament, and is not entitled to the compensation which is usually meted out to executors pursuant to section 285 of the Surrogate's Court Act.

As to Arthur G. Somers, it is my opinion that he is entitled to the usual compensation flowing to executors. He received no legacy as compensation for services to be rendered. The facts of the instant case are quite different from those disclosed in any of the reported cases. (*Meacham* v. *Sternes*, 9 Paige, 398, 403; *Secor* v. *Sentis*, 5 Redf. 570; *Matter of Gerard*, 1 Dem. 244; *Richardson* v. *Richardson*, 145 App. Div. 540; *Matter of Tilden*, 44 Hun, 441; *Matter of Rowe*, 42 Misc. 172; *Matter of Sprague*, 46 id. 216; *Matter of Arkenburgh*, 38 App. Div. 473; *Matter of O'Donohue*, 115 Misc. 697.)