In the Matter of the Construction of the Will of ERNEST FLAGG, Deceased.

Surrogate's Court, Richmond County, July 16, 1948.

*Carter, Ledyard & Milburn* for Betsy Melcher and another, as executors of Ernest Flagg, deceased, petitioners.

*C. Ernest Smith*, special guardian for Pamela Melcher and another, infants.

BOYLAN, S. Betsy Melcher and Boyd E. Wilson, executors and trustees under the last will and testament of Ernest Flagg, have petitioned for a construction of decedent's will and codicil. Two questions are presented for determination. (1) Are the petitioners entitled to commissions as executors and trustees. (2) Have the petitioners as executors and trustees the power to make investments in securities and properties other than legal investments for trust funds.

Ernest Flagg, the decedent, died on April 10, 1947, leaving a last will and testament bearing date June 7, 1940, and a codicil to said will, bearing date November 13, 1945. The bulk of the estate was left in trust, the income from which is payable to his widow, Margaret E. Flagg, for life and then to his daughter, Betsy Melcher for life. When both have died then the corpus passes in equal shares "to my daughter's children per stirpes."

Paragraph tenth of the will which deals with the appointment of the executors and trustees and their compensation reads as follows: "10th I hereby appoint The Brooklyn Trust Company as trustee and Executor under this my Will, and I also appoint as co-executors and trustees my daughter and her husband John Melcher, to serve without pay and I direct that no bond be required."

The codicil contains a single provision which reads as follows: "*Whereas* in the tenth clause of that will my son-in-law John Melcher was appointed executor and trustee I now revoke that appointment and substitute for it my friend Boyd E. Wilson as co-executor and trustee."

The Brooklyn Trust Company renounced the appointment as executor and trustee. Betsy Melcher and Boyd E. Wilson did qualify and have continued to act. Even though no specific compensation is provided for in the will, both have filed renunciations pursuant to sections 285 and 285-a of the Surrogate's Court Act.

There is one cardinal principle of testamentary construction to which all others are subordinate, namely that the intention of the deceased is to be sought in all his words and when ascertained is to prevail (*Robinson* v. *Martin,* 200 N. Y., 159; *Mullarky* v. *Sullivan,* 136 N. Y. 227.)

From a reading of paragraph tenth it is clear that the decedent desired that one of his executors and trustees be a stranger to his family. It would be unreasonable to suppose that a man of decedent's business experience would expect the Brooklyn Trust Company "to serve without pay." The decedent intended that Betsy and John Melcher, members of his family, serve without reward and specifically so stated in his will. As set forth above it should be noted that Betsy Melcher, the daughter of the decedent and the wife of John Melcher, the coexecutor and trustee, is one of the life beneficiaries and that her children are the remaindermen.

A will of decedent may deny compensation to the representative. In such an event all that he can do is to refuse to serve. Where he qualifies and has letters testamentary issued to him he will not be entitled to commissions (*Matter of Gerard,* 1 Dem. 244; *Secor* v. *Sentis,* 5 Redf. 570). It must appear clear from the will, however, that the testator intended to deny commissions to the executor (*Marshall* v. *Wysong,* 3 Dem. 173).

Sections 285 and 285-a of the Surrogate's Court Act state that where a will provides a specific compensation to the executor and trustee he is not entitled to any allowance for his services unless by a written instrument filed with the Surrogate, within four months from the date of the issuance of letters, he renounces the specific compensation. Betsy Melcher, having filed a renunciation within the time required now contends that she is entitled to full statutory commissions. The renunciation is ineffective when the will provides no specific compensation in lieu of com-

missions, and in such circumstance the rule as set forth in *Matter of Gerard (supra), Secor v. Sentis (supra)* and *Marshall v. Wysong (supra)* prevails. It follows that Betsy Melcher is not entitled to the commissions provided for by sections 285 and 285-a of the Surrogate's Court Act.

The codicil, while revoking the appointment of the son-in-law, John Melcher, and appointing a friend, Boyd E. Wilson, is silent on the question of compensation. The fact that he stated his son-in-law, the husband of one of the life beneficiaries, was to act without compensation is no indication that he intended Boyd E. Wilson to serve without reward. He could have stated in the codicil that Wilson was to serve without compensation if that had been his intention. The codicil being silent as to whether or not Wilson is entitled to reward, sections 285 and 285-a of the Surrogate's Court Act prevail and he is entitled to the commissions therein set forth.

Paragraph seventh of the will reads as follows: " 7th All the rest, residue and remainder of my property, both real and personal I give and devise and bequeath to my trustees hereinafter named, in trust, to invest the same and to keep the same invested and I authorize my Executors and trustees to sell any real estate owned by me at their discretion whenever, in their opinion, it is necessary to do so for the benefit of the trust estate created by my will, and I also authorize my Executors and trustees to mortgage any real estate owned by me, now mortgaged for the purpose of paying off existing mortgages to the amount necessary to replace such mortgages and also for the purpose of paying estate taxes assessed against my estate, and otherwise to have all the powers over the same which I would have if living; and to pay the net income therefrom to my said wife as long as she shall live and at her death to my daughter Betsy as long as she shall live. Upon the death of both my wife and daughter the whole estate to go in equal shares to my daughter's children per stirpes."

The executors and trustees contend that this paragraph, and especially the words "and otherwise to have all of the powers over the same which I would have if living," authorize them to retain, invest and reinvest in nonlegal securities.

Generally speaking, trustees are not justified in the absence of some authority in the instrument creating the trust to the contrary, in continuing an investment formerly made by the testator which they would not be justified themselves in making. It is their duty to convert stocks and other securities not legal

as investments into money within a reasonable time after the creation of the trust (*Matter of Wotton,* 59 App. Div. 584; *Warren* v. *Union Bank of Rochester,* 157 N. Y. 259; *Matter of Frame,* 245 App. Div. 675; *Matter of Stumpp,* 153 Misc. 92). In the absence of an express authority in the will a testamentary trustee, therefore, retains investments not legal for him to make at his own risk (*Matter of King,* 130 Misc. 296).

Where authority is expressly and explicitly conferred by the will a representative may be justified in retaining nonlegal investments (*Matter of Albro,* 165 Misc. 486). In the absence of express contrary authorization in the will it is the duty of testamentary fiduciaries to invest the funds of the estate only in securities which diligent and prudent men would purchase, and which are authorized for trust investments by the pertinent statutes of this State (*Matter of McCafferty,* 147 Misc. 179; *Matter of Kruger,* 139 Misc. 907; *Matter of Herriman,* 142 Misc. 164; *Matter of Lewis,* 142 Misc. 392; *Matter of Surpless,* 143 Misc. 48; *Matter of Blake,* 146 Misc. 780).

From a reading of paragraph seventh it is clear that the decedent gave his executors and trustees authority to retain or sell, when in their judgment it would be opportune, any or all of his real estate holdings, and to mortgage the real estate to pay off existing mortgages, and to pay estate taxes. The words "and otherwise to have all the powers over the *same* which I would have if living," refer to his real estate holdings. These words cannot be construed to mean that if the trustees convert the real estate to cash they have the authority to invest in nonlegal securities.

Enter decree in accordance herewith.