S. Samuel Di Falco, S.
In this consolidated accounting proceeding a question with respect to the construction of the will is presented for determination.
Paragraph “ Eighth ” disposes of the residuary estate by giving it in three shares and with respect to the question before us reads: “ (b) One-third (%) to my Executors and/or Trustees hereinafter named, who qualify as such on the probate of this Will, the amount of which should be invested within their sole discretion, m trust nevertheless, for the benefit of my dear and loving daughter, sylvia k. liebebthal, and to pay from the income thereof to my said daughter, the sum of Four Hundred and 00/100 ($400.00) Dollars per month commencing one year after my decease. If the income thereof shall be insufficient, then the deficiency shall be paid out of the principal of this fund. In the sole judgment of said Executors and/or Trustees, in the event of illness or distress, such additional sums may be paid out of said fund as they deem proper and advisable.”
*355 No specified period of time for payment of income is fixed and no disposition of the principal of the share given by subdivision (b) is provided in that or any other part of the will. It is a well-settled rule that a gift of income of property without limitation with respect to the time of enjoyment and with no other disposition of the corpus, is intended as a gift of the corpus. (Matter of Sackett, 201 App. Div. 58; Matter of Gold-mark, 186 App. Div. 447; Hatch v. Bassett, 52 N. Y. 359, 362; Locke v. Farmers’ Loan, & Trust Co., 140 N. Y. 135, 146.) Under this general rule, the will must be construed as giving one third of the residuary estate outright to testator’s daughter, Sylvia K. Lieberthal. The question of the right of the former executor to commissions was reserved by the prior decision with a right to the parties to introduce parol evidence if so desired. The parties have agreed that the question may be disposed of without a hearing.
Paragraph ‘ ‘ Third ’ ’ of the will reads: ‘ ‘ thihd : I give and bequeath unto my brother, nathan klabsfeld, the sum of Ten Thousand and 00/100 ($10,000.00) Dollars, absolutely and forever, and it is my wish that the same shall include any fees which may be due him for acting as Executor hereunder.”
The former executor claimed commissions in his account and objections to any such payment have been filed on the basis of the above-quoted paragraph. The former executor was not a stranger to the decedent but his brother. The legacy in paragraph ‘ ‘ Third ’ ’ was given to him not as compensation for services to be rendered but “ absolutely and forever ” and he would have been entitled to it if he had never qualified as executor. The problem is whether the expressed wish of the testator that the legacy shall include any fees which may be due him for acting as executor must be carried out. The Court of Appeals in Matter of Daly (1 N Y 2d 100, affg. 286 App. Div. 1007) used language which is applicable to and determinative of the question before us. It was there stated (p. 102):
“We start with the proposition that an executor is entitled to commissions for services rendered (Surrogate’s Ct. Act, § 285), a fact quite obviously known to the testatrix of the will before us. She, as well as any other testator, could, of course, have provided otherwise. She could have specifically directed that, if her nominee serve as executrix, she do so without compensation; but an intention to alter the law’s ordinary operation or change the meaning usually accorded a precatory word Avill not be inferred ‘ unless the context clearly indicates the contrary. ’ ” (Matter of Krooss, 302 N. Y. 424, 428-429.) The *356 language here employed is not clear enough to compel a conclusion different from that reached by the Appellate Division.
‘ ‘ In short, as that court held, the will not only fails to disclose a design on the part of testatrix to deny commissions to respondent, but, considered in its entirety, indicates that testatrix’ ‘I request ’ was meant to be precatory, expressive of a wish rather than a command. The will was drafted with care and precision and the probability is that, had a direction or a proviso been intended, language less dubious and ambiguous would have been used. The thought would, more than likely, have been expressed in terms not of request but of command — she ‘shall’ act without compensation — or of proviso — ‘ provided ’ she so act. ’ ’
Objection to the commissions requested is also based on failure to comply with that part of subdivision 5 of section 285 of the Surrogate’s Court Act which reads: “Where the will provides a specific compensation to an executor, administrator or guardian, he is not entitled to any allowance for his services, unless by a written instrument filed with the surrogate, within four months from the date of his letter, or in the case of a guardian, from the date of his filing his oath, he renounces the specific compensation.” That provision has no application to this case for as noted above the will does not provide any specific compensation but gives an outright legacy to the executor concerned.
A further objection is made that this executor abandoned his office and so is not entitled to any commissions. The executor did not abandon his office but resigned with permission of the court for reasons of health. Under such circumstances he is entitled to commissions if they are otherwise due him.
The court therefore holds that Nathan Klarsfeld is entitled to commissions as computed in the memorandum submitted on his behalf.
The fee of the attorney for the remaining executors is fixed and allowed in the amount requested.
The question raised as to the allocation of taxes will be reserved until the taxes are finally fixed. The executors may reserve such amounts as may be necessary to cover these taxes and may apply at the foot of this decree for such direction with respect to the taxes as is warranted.
Commissions have been improperly computed in the account of the remaining executors and a proper computation should be furnished with the decree which may be submitted on notice.