Joseph A. Cox, S.
In this accounting proceeding objections have been filed to the allowance of any commissions to the three executors because they were each given a legacy of $10,000 by paragraph “ Twelfth ” of the will which reads: “ Twelfth: To each of the persons hereinafter nominated as the Executors under this my last Will and Testament, to wit, Clark H. Hebner, Nelson M. Way and Kingman W. Putnam, I give and bequeath the sum of Ten Thousand Dollars ($10,000).”
Objectants cite subdivision 5 of section 285 of the Surrogate’s Court Act, which reads in part5. * * * Where the will provides a specific compensation to an executor, administrator or guardian, he is not entitled to any allowance for his services, unless by a written instrument filed with the surrogate, within four months from the date of his letter, or in case of a guardian, from the date of his filing his oath, he renounces the specific compensation.”
Objectants argue that paragraph “ Twelfth” provides such specific compensation because it describes the three persons as “ nominated as executors ” and because other bequests were made to two of them by name only in other parts of the will. They reason that the earlier bequests took care of the three executors as friends and that paragraph “ Twelfth ” was intended to provide specific compensation as executors.
The fallacy of this argument is that the three named persons would be entitled to the legacies in paragraph “ Twelfth ” if they had never acted as fiduciaries. The paragraph gave the legacies to the persons named in the will as executors but there was no condition that they must serve as such in order to receive the legacy.
Matter of O’Donohue (115 Misc. 697); Matter of Sulzbacher (169 Misc. 1), and Matter of Cohen (128 Misc. 906), cited by objectants are all readily distinguishable for in each, in addition to a gift to the fiduciaries, there was an express provision that they were to serve without compensation. There is no such provision in the will before us.
In Matter of Mason (98 N. Y. 527) the will gave the residuary estate to three named persons who are hereinafter nominated as the executors of this, my will, in equal shares.” The Court of Appeals stated at page 533: The claim is made on behalf of the appellants that this bequest was made to the executors as a compensation for the services which they should render in *951 administering upon the estate. This bequest was not intended for the specific compensation mentioned in section 2737 of the Code. There is no language in the will indicating that it was meant to be in lieu of commissions. If these executors had renounced before letters were issued, they would have been entitled to receive this bequest; and if one of them, at any time after qualification, had resigned and been discharged, it would not have interfered with his right to take Ms share in the bequest. The right of the residuary legatees to take under the residuary clause did not depend upon their acting and rendering services as executors; but the bequest to them was a bounty wMch they were entitled to receive as if they had no other connection with the will than that of legatees thereunder. Before a legacy can be held to be made in discharge of a debt, or in compensation for services to be rendered by executors, there must be language in the will from which such an intention can be inferred. Here there was none. ’ ’
The court holds that the paragraph in question was not intended as specific compensation to the executors and that they are entitled to their statutory commissions.
The court will confer with counsel at chambers on the 9th day of July, 1958 at 12:00 m. with respect to the questions of instructions raised by the petition and objections.