Christopher C. McGrath, S.
In this accounting proceeding a question of construction has been raised with reference to paragraph “Tenth” of the will which reads as follows: “I hereby nominate, constitute and appoint my daughter, Edna Grace Christein, Executrix of this, My Last Will and Testament, to act without compensation and to waive all fees as such Executrix ’ ’.
It has been held that a testator may forbid the payment of any compensation to his representative. Under such circumstances, all that the nominated fiduciary can do is to refuse to accept the appointment. However, if he qualifies and has letters testamentary issued to Mm, he must be denied commissions and the Surrogate is unable to give him any relief (Matter of Gerard, 1 Dem. 244; Secor v. Sentis, 5 Redf. 570; Matter of Flagg, 192 Misc. 397, mod. on other grounds 275 App. Div. 848; 4 Warren’s Heaton, Surrogates’ Courts, § 428, par. 2). Accordingly, the commissions to which the executrix would normally be entitled pursuant to subdivision 1 of section 285 of the Surrogate’s Court Act must be denied.
The executrix raises an additional question as to her compensation. It is undisputed that as executrix she collected rents and managed real property belonging to the decedent. She maintains that the language of the will which requires her to act without compensation and waive all fees as executrix does not apply to the requested compensation for collecting rents and managing real property referred to in subdivision 6 of section 285 of the Surrogate’s Court Act. It is also argued on her behalf that the sum sought for collecting rents and managing-real property is in the nature of an allowance and not in the true sense of the word commissions.
The court is unable to agree with the arguments advanced on behalf of the executrix on this subject. In Matter of Schinasi (3 N Y 2d 22, 27-28) in a dispute involving commissions and discussing the history of former section 285 of the Surrogate’s Court Act, that court said: ‘ ‘ The common sense of it is that the *983 whole section fixes, limits and commands the payment of compensation for the services of an executor or trustee in his official capacity and that the 5% compensation on rents is of the same nature as the other percentages but is allowed in addition thereto when the nature of the assets makes necessary such additional services of an executor or trustee. The added fee on rents is a true commission for official services of the fiduciary (see Matter of Brennan, 251 N. Y. 39, 41; Matter of Wendel, 273 N. Y. 532; see point V-A in appellants’ brief in this court; Matter of Schinasi, 277 N. Y. 252, 263, 264; Matter of Smathers, 309 N. Y. 487; 34 C. J. S., Executors and Administrators, p. 1027; 90 C. J. S., Trusts, p. 733).” (Emphasis supplied.)
Accordingly, in view of the language in paragraph ‘ ‘ Tenth ’ ’ of testator’s will, the request for compensation for collecting rents and managing real property must be denied.
The executrix will be authorized to sell the decedent’s real property located in Newburgh, New York for the sum of $7,000 in accordance with the prayer of the petition.
The compensation of the attorney is fixed and allowed in the amount requested.