John D. Bennett, S.
In this accounting proceeding the
special guardian for contingent remaindermen of the trust under article Eighth of the will objects to the allowance of annual additional principal commissions claimed by the trustee, Jessie H. Flynn, on the ground that they are prohibited by the terms of the will.
Article Tenth of the will reads in part as follows: “As to each Executor and Trustee hereby appointed and as to each successor executor and trustee who may be appointed as hereinbefore in this paragraph provided, such appointment is and shall be made subject to the condition that such Executor and Trustee, before qualifying as such, shall execute and file an *420 effective instrument renouncing the right to receive any and all commissions for receiving or paying out principal either as Executor or as Trustee and effectively agreeing to serve as such Executor and Trustee without commissions or other remuneration for receiving or paying out principal, either as Executor or as Trustee; it being my intention that there shall at all times be two Executors and Trustees under this my Last Will and Testament and that such Executors and Trustees shall be entitled to receive commissions for receiving and paying out income, but not for receiving or paying out principal. I have discussed this matter with the persons herein named as Executors and Trustees and they have each agreed to serve under the conditions herein set forth.”
The renunciation of commissions executed by Jessie H. Flynn on July 14, 1949, in compliance with article Tenth is specifically limited to commissions for receiving and paying out principal.
Under section 285-a of the Surrogate’s Court Act, there are initially set forth three classifications of commissions. They are: Commissions from principal for receiving and paying out; commissions from income annually, and annual additional principal commissions.
In 1956 the section was revised and the rates of trustees’ commissions were increased as to persons dying on or before August 31, 1956. However, section 285-a of the Surrogate’s Court Act was substantially similar to the present section at the time of the execution of the will on June 2, 1948, and at the death of the testatrix, and specifically provided for annual additional principal commissions.
It is the trustee’s position that the various classifications are separate and distinct from one another and that the testatrix, by article Tenth of the will, prohibited the allowance to her of commissions for receiving or paying out principal only and not annual additional principal commissions.
The case of Matter of Folsom (155 N. Y. S. 2d 140, affd. 6 A D 2d 691, affd. 6 N Y 2d 886), cited by the special guardian, is of no assistance in the construction here involved since in the Folsom will the testator unequivocally limited the trustees’ commissions to only income commissions and prohibited any and all principal commissions.
Subdivision 11 of section 285-a states that “Where the will provides a specific compensation to a trustee, he is not entitled to any other allowance for his services.”
By article Tenth the testatrix did not provide a specific compensation for the trustee in lieu of his lawful commissions but, in effect, limited those expressly permitted by law.
*421 The question presented is to what extent this limitation is effective to deny in part the lawful' commissions provided under section 285-a.
Although the case of Matter of Cohen (128 Misc. 906, 907-908), involved the question of whether a bequest was in lieu of commissions, the language there used is nevertheless significant: “ The reason the law allows compensation to executors and administrators is to reward them, not only for their time, labor and trouble in the administering of estates, but also for the responsibility incurred and for the fidelity with which they discharge the duties of their trusts. In some States, a testator cannot by any testamentary provision affect the commissions which the law allows an executor. But, in this State, it has been held that a testator may deprive his executor of all compensation if he so expressly provides in his will. * * # The intention of the testator to withhold the usual commissions from the executor must be in language that can be clearly interpreted, for testamentary provisions will not be construed as depriving the executor of the right to compensation if they may be construed otherwise with equal reason.”
Although not precisely in point, the court in Matter of Dater (116 N. Y. S. 2d 64) held that a provision which in effect prohibited double commissions to an executor trustee did not prohibit the payment of annual additional principal commissions.
Analagous cases decided in other jurisdictions generally hold that a testamentary declaration prohibiting compensation, or granting and fixing the amount of compensation for particular services is construed not to prohibit a proper allowance for other services by the trustee in the line of duty (Kennedy Trust, 364 Pa. 310; Commercial Trust Co. of N. J. v. Spiegelberg, 117 N. J. Eq. 171, affd. sub nom. Commercial Trust Co. of N. J. v. Mason, 119 N. J. Eq. 376; Schloss v. Rives, 162 Md. 346; see, also, Bogert, Trusts and Trustees, § 976, p. 369).
In Matter of Schloss v. Rives (supra) the testator provided for a commission on income, and directed that no commissions were to be paid for making any change in investments. The court there held that the language of the will did not exclude an interpretation which would provide reasonable and fair compensation for services rendered by the trustee in making the original investment of the trust fund. The court there stated (p. 353): “ The question here presented is therefore narrowed to a decision as to whether or not the language of Mr. Schloss’ will denies compensation to the trustee for making original investments, that is to say, investments made for the first time by the trustee. While the language employed by the testator *422 is susceptible of more than one construction, we are inclined to give it that interpretation which would provide reasonable and fair compensation for the services rendered by the appellee, which as stated, entail much time and trouble, involving a large estate, and which have been performed in a highly efficient manner.”
This court is in accord with the sentiments expressed in the case of Schloss v. Rives (supra) and accordingly construes article Tenth of the will of this decedent to the effect that only receiving and paying principal commissions were required to be renounced by the trustee, and that she has properly claimed allowance for annual additional principal commissions as set forth in the account.
The objection of the special guardian is therefore dismissed.