WENDY V. LEHMAN, Individually and as Executrix of MANUELA H. MCLEAN, Deceased, Plaintiff, v IRVING TRUST COMPANY, as Trustee under a Trust Created by ALFRED G. VANDERBILT, Defendant.

First Department, January 6, 1981

### APPEARANCES OF COUNSEL

*Monroe E. Stein* of counsel *(Albert Heit,* attorney), for Wendy V. Lehman, plaintiff.

*Julius P. Fouts* of counsel *(Patricia A. Setterberg* with him on the brief; *Donovan Leisure Newton & Irvine,* attorneys), for Irving Trust Company, defendant.

### OPINION OF THE COURT

SULLIVAN, J.

We sit as a court of first instance in this controversy submitted on an agreed statement of facts (CPLR 3222) to decide whether the grantor of a trust specifically limited the allowance to the trustee, so as necessarily to preclude it from receiving for its services the annual principal commissions to which it would be otherwise entitled by statute.

No disagreement exists as to the trustee's computations if its claim of entitlement to annual principal commissions is upheld.

On December 29, 1941, Alfred G. Vanderbilt established an irrevocable *inter vivos* trust for the benefit of his then wife, Manuela Hudson Vanderbilt. Under the terms of the trust agreement, to which the trustee (Irving Trust Company) was a party, the trustee was directed to pay the net income and up to $100,000 from the trust corpus to Manuela during her lifetime, and upon her death to pay the accumulated and accrued net income to the executors of her estate and the remainder of the trust corpus to Wendy Vanderbilt (now Wendy Vanderbilt Lehman [Lehman]), daughter of the grantor and Manuela, provided such daughter was then living and had attained her majority.

The life tenant, Manuela, died on April 14, 1978, survived by her daughter, who had attained her majority and who thereupon became entitled to receive the trust corpus free of trust. Manuela's will was admitted to probate in Florida and letters were issued to Lehman as personal representative of the estate.

The trustee has prepared its final account of proceedings from June 30, 1942 to September 12, 1978, in which it seeks annual principal commissions for that period in the sum of $22,871.05, computed at the statutory rates applicable to annual principal commissions. Both the trustee and Lehman, who appears in this action as executrix of her mother's will and, personally, as the trust remainderman, are desirous of settling this account extrajudicially, provided that a determination is obtained as to the trustee's right to take statutory annual commissions on principal.

On December 29, 1941, the date of execution of the trust agreement, the laws of the State of New York did not provide for the payment of such commissions. At that time section 285 of the Surrogate's Court Act (L 1934, ch 892, eff Aug. 24, 1934), which governed the payment of trustee commissions, provided only for commissions on receiving and paying principal, as well as an annual income commission computed on income received and paid. The first New York statute providing for the payment of annual principal

commissions was enacted in 1943. (L 1943, ch 694, eff Sept. 1, 1943.) The substance of that authorization is now contained in SCPA 2308 (subd 2).

The sole provision of the trust agreement relating to the payment of trustee commissions is article NINTH which provides: "As compensation for its services in the administration of the trust the Trustee shall be entitled to receive commissions on the principal received upon the creation of the trust at the rate of one percent (1%) on the par value of the securities then constituting the principal of the trust. Said commissions shall be paid by the Settlor on the creation of the trust. The Trustee shall be entitled to receive commissions on income at the time income is received and paid out and upon principal at the time principal is paid out, at the rates allowed to a sole testamentary trustee under the laws of the State of New York at the date hereof."

A commission of $10,000 was paid to the trustee upon receipt of the principal, pursuant to article NINTH of the trust agreement. Since the inception of the trust, the trustee has annually taken income commissions computed at the rates allowed to a sole testamentary trustee under the laws of the State of New York as of December 29, 1941.

Prior to the filing of its final account, the trustee had never made a claim on either the life tenant or remainderman for annual principal commissions. Neither had it ever indicated, however, an intention to waive any right to receive such commissions. The trustee's request is now opposed by Lehman, who claims that the trustee is entitled to only those commissions enumerated in the trust agreement, and that the subsequent enactment providing for the payment of annual principal commissions cannot serve to expand the rights of a party who, pursuant to agreement, has limited its right to commissions. On the other hand, the trustee claims that the trust agreement merely fixes the time and rates at which it may compute its commission on receiving and paying principal and income, but that it does not limit the type of commission payable to only those types recited in the agreement. We agree with the trustee that it is entitled to the additional commissions permitted under the statute.

It is well settled in New York that the law relating to the payment of trustee commissions is procedural and that commissions are ordinarily computed at the statutory rates and under the statutory methods in effect at the time of settlement of the account. (See *Matter of Barker*, 230 NY 364; see, also, *Robertson v de Brulatour*, 188 NY 301, 316, 317; *Whitehead v Draper*, 132 App Div 799; *Matter of Friberg*, 199 Misc 593, 598.) Where the creator of a trust provides a specific compensation for the trustee's services, a trustee is not entitled to any other allowance. (CPLR 8005; SCPA 2308, subd 11.) Inasmuch, however, as public policy favors compensation of fiduciaries (see *Matter of Larney*, 148 Misc 871), an intent to withhold or limit statutory commissions must be clearly enunciated, and trust provisions will not be found to deprive the fiduciary of the right to compensation if they can reasonably be construed otherwise. *(Matter of Cohen*, 128 Misc 906, 908.)

The trustee cites several cases holding that where the trust instrument did not specify that the commissions enumerated therein were to constitute the full extent of the trustee's remuneration, the trustee was additionally entitled to statutory compensation. For instance, in *Smith v Lansing* (24 Misc 566), the trustees sought, in addition to the commissions specified in the will, statutory commissions for payment of principal. In allowing the additional statutory commissions, the court stated (p 575) : "The will makes specific provision for the trustee's commissions for investing the fund and collecting and paying over the income during the life of the testator's daughters, but is silent as to whether he is to receive commissions on the final distribution of the fund. I have considered the effect of the [will], and think it does not show an intention that the commissions provided for in the third clause are to be in full for the services of the trustee in paying out the fund."

In *Matter of Tuckerman* (60 NYS2d 734, 737), the agreement provided: "in addition to any commissions allowed by the law of the State of New York as existing at the time of the execution of this trust, upon the capital of the trust hereby created, the trustees and their successors shall as compensation in full for their services severally receive and annually pay to themselves severally two and a

half (2½) per cent of the gross income of the estate". Notwithstanding such seemingly limiting language, the court permitted the trustees to receive commissions on principal at rates in effect at the time of the accounting. The court stated (p 738):

"Reading the language of the disputed passage, it would seem fairly evident that the entire provision was designated not to regulate commissions on principal at all but to regulate commissions only on income. Were the purpose otherwise, it would seem reasonable to assume that an instrument drafted with the technical skill and precision which marks the one now under consideration, in indicating that the 1907 rates on principal commissions were to apply, would have used words such as 'the law now in force' or their equivalent * * *

"It is to be assumed that the trustees are to be compensated for their services at the rates specified by law at the time of their account, unless the contrary necessarily appears. In my opinion objectors have failed to establish that the trust indenture requires a departure from the customary rule."

Of similar effect is *Matter of Knowles* (101 NYS2d 601).

In *Matter of Langley* (39 Misc 2d 419, 420) the will specifically provided that the executors and trustees were entitled to commissions " 'for receiving and paying out income, but not for receiving or paying out principal.' " The trustee alleged that while the will prohibited an allowance of commissions for receiving or paying out principal, it did not preclude annual principal commissions. The court agreed (pp 421-422), stating: "While the language employed by the testator is susceptible of more than one construction, we are inclined to give it that interpretation which would provide reasonable and fair compensation for the services rendered by the [trustee]." (Citations omitted.)

While *Lansing (supra)*, *Tuckerman (supra)* and *Langley (supra)* are illuminating as to the type of language that will not preclude a trustee from receiving additional commissions under an applicable statute, *Matter of Folsom* (155 NYS2d 140, affd on other grounds 6 AD2d 691, affd

6 NY2d 886) is illustrative of the type of language specific enough to restrict a trustee's right to additional statutory commissions. There the testator provided (pp 150-151) :

"Article Fourth: * * * Trustees shall each be paid and receive in full for all services performed by them either as Trustees, Officers and/or Directors, a sum equal to the annual income commissions of Trustees as provided by law, but in no event more than the sum of Five Thousand ($5,000.) Dollars each in any one year, and no more * * *

"Article Sixth: * * * In lieu of any and all statutory commissions for receiving or paying out either principal or income or both * * * there be allowed and paid to each and every Trustee not exceeding three, the annual income commissions as fixed and allowed by law for each and every year that they shall serve but in no event, more than the annual sum of Five Thousand ($5,000.) Dollars each, in any year and no more. In other words, all that my Trustees and/or their successors, may receive shall be only the income commissions that they are entitled to under the law and *not to any principal commissions and in no event more than the sum of Five Thousand ($5,000.) Dollars each, in any one year.*" (Emphasis added).

The trustees contended that while the will precluded them from compensation for paying and receiving commissions on principal, it did not prohibit them from receiving annual principal commissions. The court found otherwise (p 151): "In view of the lucid and unequivocal language used by testator in limiting the amount of trustees' commissions, and of the express direction that such trustees may receive 'only the income commissions to which they are entitled by law *and not to any principal commissions.*' (emphasis added), the Court determines that the trustees are precluded from receiving any principal commissions, either under subdivisions 1 or 3 of Section 285-a."

Lehman cites *Matter of Andrus* (4 Misc 2d 831, 832), in which the executors and trustees were appointed under a will which provided: "that they, as such Executors, and as Trustees of trusts created hereunder, will accept as compensation for their services as such Executors and Trustees *the fees provided* to be paid to Executors and Testamentary

Trustees as prescribed by the laws of the State of New York as they existed prior to September 1st, 1923, the date when Chapter 649 of the Laws of 1923 became effective." (Emphasis added.)

At the time of accounting the trustees claimed the right to annual principal commissions as of September 1, 1943, the date of the amendment of the statute. The court disagreed, holding that the will expressly limited commissions to those fees allowed by the law as it existed in 1923.

*Andrus (supra)* is distinguishable since there the appointment was explicitly conditioned upon the trustees' consent to receive fees in accordance with legislation in existence before September 1, 1923, when the law was amended. The creator of the trust clearly evinced an intention that the trustees not receive fees under any other law or in contravention of the agreement. Noteworthy, also, is that the law on commissions had been changed prior to execution of the trust agreement to provide for payment in a manner that would have been more favorable to the trustees. The creator's intention was clearly to prevent the trustee from taking advantage of the amendment to the statute. By contrast, article NINTH entitles the trustee to "receive commissions on income at the time income is received and paid out and upon principal at the time principal is paid out, at *the rates* allowed to a sole testamentary trustee under the laws of the State of New York at the date hereof." (Emphasis added.) Providing that certain enumerated elements of a trustee's commission are to be computed at *the rates* in effect at a given time is not equivalent to limiting a trustee to *the fees* allowed under a specific statute.

Only if the agreement at issue here specifically provides a limitation precluding payment of annual principal commissions such as the limitations effected by the instruments in *Folsom (supra)* and *Andrus (supra)* can Lehman prevail. In the instant case, as in *Lansing (supra)*, *Tuckerman (supra)* and *Langley (supra)*, and unlike *Folsom*, the grantor did not provide that the commissions specified in article NINTH were to be the only commissions allowed. Rather, the language used here is akin to that in *Langley*

(39 Misc 2d, at p 420) where the trustees were to receive commissions "for receiving and paying out income" and were not to receive commissions "for receiving or paying out principal". The court held such language was not a limitation on the trustee's right to an annual commission on principal, a type of commission different from a commission for receiving and paying out principal.

That a fiduciary should be held to its bargain when it accepts a trust under provisions which limit compensation to an amount less than that provided by statute is undisputed. (Matter of Hayden, 172 Misc 669, affd 261 App Div 900, mot for lv to app den 285 NY 859.) But in no manner does article NINTH purport to prohibit payment of any commission subsequently authorized by statute. It is expressly and impliedly silent on annual principal commissions and does no more than limit the rates of compensation to those in effect in 1941 and to specify the time when the trustee is to be paid.

Article NINTH begins: "As compensation for its services * * * the Trustee shall be entitled to receive commissions on the principal received upon the creation of the trust at the rate of one per cent" and two sentences later continues: "The Trustee shall be entitled to receive commissions on income at the time * * * and upon principal at the time * * * [and] at the rates allowed * * * at the date hereof."

Finally, we find unavailing Lehman's argument that the introductory words "As compensation for its services" limit the right of the trustee to receive additional statutory commissions. In Matter of Schinasi (3 NY2d 22), upon which she relies, the will provided that the trustee's designation was conditioned upon its acceptance of commissions at specified rates for the receipt and disbursement of principal and income. The Appellate Division (2 AD2d 105) had found that the will did not evince an intent to preclude the trustee from receiving the statutory 5% commission for collecting rental income, reasoning that it was intended as compensation for additional services rendered by the trustee in managing rental property and collecting rents. The Court of Appeals modified, primarily because it disapproved of the trustee's conduct in concealing a letter it had written to

the testator shortly after the execution of the will. The letter related to the subject of commissions and provided for the same rates and kinds of fees as had been recited in the will, prefacing the stated schedule of rates with the phrase "for our services." The court held that the letter controlled and interpreted it as an agreement to accept the stated reduced rate "for all [our] services in collecting any income, whether in the form of rents or otherwise" *(Matter of Schinasi,* 3 NY2d, at p 30.)

Article NINTH does not lend itself to such an interpretation. The phrase "for its services" modifies only the sentence in which it is contained. That sentence refers to a commission upon the receipt of principal. But more importantly, unlike *Schinasi (supra),* no compelling reason exists to interpret the phrase "as compensation for its services" to mean "as compensation in full for all its services."

Consequently, we find that the trust fixes the rates of the commissions on income and on receiving and paying out principal, but does not contain any language which would preclude the payment of a different type of commission such as the annual principal commission to trustee provided by the subsequent 1943 legislation.

Accordingly, judgment should be awarded to the trustee, with costs and disbursements, declaring that it is entitled to annual principal commissions.

KUPFERMAN, J. (dissenting). The majority opinion well sets forth the agreed facts and analyzes the problem. However, in my opinion the trustee is not entitled to the annual principal commissions it seeks.

Article NINTH of the trust agreement of 1941 provides as follows: "As compensation for its services in the administration of the trust the Trustee shall be entitled to receive commissions on the principal received upon the creation of the trust at the rate of one per cent (1%) on the par value of the securities then constituting the principal of the trust. Said commission shall be paid by the Settlor on the creation of the trust. The Trustee shall be entitled to receive commissions on income at the time income is received and paid out and upon principal at the time principal is paid out,

at the rates allowed to a sole testamentary trustee under the laws of the State of New York at the date hereof."

The trustee obtained a receiving commission of $10,000; it also will receive an additional commission upon payment of the principal, as to which there is no controversy between the parties. The bank also has received annual commissions on income since 1941. It seeks annual principal commissions going back to 1943 based on the 1943 statute (L 1943, ch 694). At no time during the period when it was taking annual income commissions did it take principal commissions, but it now seeks those in this accounting.

When the bank took office as trustee, it accepted the provisions of the trust agreement relating to the payment of commissions as set forth in article NINTH. *(Matter of Schinasi,* 3 NY2d 22.) It cannot at this late date seek to enlarge upon them.

BIRNS, FEIN and SANDLER, JJ., concur with SULLIVAN, J.; KUPFERMAN, J. P., dissents in an opinion.

Upon an agreed statement of stipulated facts with respect to an interpretation of a certain trust agreement, judgment is awarded to the trustee, declaring that it is entitled to annual principal commissions. The trustee shall recover $75 costs and disbursements of this controversy.