# In the Matter of the Estate of WILLIAM R. CARLISLE, Deceased.

Surrogate's Court, New York County, February 2, 1989

## APPEARANCES OF COUNSEL

*Stanley Geller* for William J. Butler, petitioner. *Smith, Steibel, Alexander & Saskor, P. C.,* for Theodore L. Mander and another, objectants. *Merle & MacAllister* for Richard C. Mander, objectant. *Henry Blumenthal* for Melanie R. Mander, objectant.

## OPINION OF THE COURT

RENEE R. ROTH, S.

In this miscellaneous proceeding, the court is requested to

determine whether the executor of decedent's estate is entitled to statutory commissions.

Decedent, William R. Carlisle, died a domiciliary of Bermuda leaving a substantial part of his $5 million estate in New York County.

His will was admitted to probate and letters testamentary issued to petitioner, William J. Butler.

In article SECOND, testator provided in pertinent part: "I give and bequeath to my friend and attorney WILLIAM J. BUTLER, who *[sic]* I have named as my executor in paragraph FOURTH of this, my last will and testament, the sum of SIXTY THOUSAND DOLLARS, without regard to whether, in fact, he acts in either capacity. *If he should so act as my executor this bequest shall be in lieu of all commissions to which he would be entitled for so acting.* It is my intention, however, that he shall receive all commissions or other remuneration to which he would be otherwise entitled for acting as attorney for my estate. If he predeceases, this bequest shall pass as part of my residuary estate" (emphasis added).

Prior to the admission of the will to probate, Mr. Butler had filed a renunciation of executor's commissions. Such a renunciation is routinely requested by the Probate Department whenever a will contains a legacy in lieu of commissions. In the present proceeding, Mr. Butler seeks leave to retract his renunciation in order to become entitled to statutory commissions instead of his legacy, as may be permitted by SCPA 2307 (5) (b). Such statute, in that part relevant to the issue in question, provides: "Where the will provides a specific compensation to a fiduciary other than a trustee he is not entitled to any allowance for his services unless by an instrument filed with the court within 4 months from the date of his letters he renounces the specific compensation."

The quoted provision appears to mean that if a will provides a specific compensation for the executor which is plainly intended to be in lieu of statutory commissions, the executor cannot have both the specific compensation and statutory commissions. If he elects to serve at all, he must either accept the specific compensation or duly renounce it, in which case he will receive solely statutory commissions.

Before considering whether the statute is applicable here, a brief summary of instances where our cases hold the statute not applicable may be helpful.

1) The statute is not applicable where the will denies any

compensation at all to the executor. In such case, the only election given to the nominee is to refuse to serve. If he elects to serve, he will receive no commissions *(Matter of Mason,* 98 NY 527, 533; *Matter of Hopkins,* 98 NY 636, *affg* 32 Hun 618; *Matter of Vanderbilt,* 68 App Div 27, 30, *on rearg* 71 App Div 611, *mod* 172 NY 69; *Matter of Engel,* 106 Misc 2d 733; *Matter of Peterkin,* 32 Misc 2d 981; *Matter of Clyve,* 13 Misc 2d 949; *Matter of Flagg,* 192 Misc 397; *Matter of O'Donohue,* 115 Misc 697).

2) The statute is not applicable if a disposition to the executor is plainly intended as an unconditional bequest and not in lieu of commissions. In such a case, the executor is entitled to both the bequest and the commissions *(Matter of Kernochan,* 104 NY 618; *Matter of Mason, supra; Reynolds v Robinson,* 82 NY 103; *Matter of Clyve, supra; Matter of Flagg, supra; Matter of Sprague,* 46 Misc 216).

3) Whether a legacy in the will for the benefit of an executor is intended to be in addition to commissions is a question of testator's intent *(Matter of Mason, supra; Matter of Sulzbacher,* 169 Misc 1, 2; *Matter of Cohen,* 128 Misc 906, 908). However, if the will does not expressly or impliedly indicate that the legacy for the benefit of the executor is in lieu of commission, it will be presumed that the testator intended that the executor should take both the legacy and commissions. In such case, the statute does not apply *(Matter of Daly,* 1 NY2d 100, *affg* 286 App Div 1007; *Matter of Klarsfeld,* 13 Misc 2d 353).

4) The statute does not apply where there is both a bequest for the executor and a request, in precatory language, that the executor accept the bequest in lieu of commissions. In such a case, the executor may receive both the bequest and statutory commissions *(Matter of Daly, supra; Matter of Klarsfeld, supra).*

5) The statute does not apply where the executor is a party to an agreement with the testator to accept a legacy in the will as compensation in lieu of commissions *(Matter of Schinasi,* 3 NY2d 22; *Matter of Hopkins, supra; Matter of Hayden,* 172 Misc 669, 679, *affd* 261 App Div 900, *lv denied* 261 App Div 1074, *lv denied* 285 NY 859).

The statute does, however, apply where the will makes a disposition for the benefit of the executor and either expressly states or strongly implies that such disposition is in lieu of statutory commissions. Only in such a case may the executor

renounce such disposition and take solely statutory commissions *(In re Folsom,* 142 NYS2d 144; *In re Lewis,* 115 NYS2d 791; *Matter of Larney,* 148 Misc 871). Finally, a testator is presumed to be aware of the election given to his executor by statute *(Matter of Hayden, supra).*

We turn now to article SECOND of testator's will. Testator gave to his friend and attorney the sum of $60,000 whether or not he elected to act as executor. But if he did elect to act as executor, said sum was to be in lieu of statutory commissions.

This is not quite the situation contemplated by SCPA 2307 (5) (b). The statute was intended to govern the situation where a testator provides in his will for a specific compensation to the executor expressly stated to be in lieu of commissions: e.g., "If my friend Butler *shall act as my executor* I give to him the sum of $60,000 which sum shall be in lieu of all commissions which he may otherwise be entitled to receive". Under such a provision, if Mr. Butler should refuse to act, he would receive nothing. If he did elect to act, he could renounce the $60,000 and elect to take statutory commissions.

However, in the instant case, under article SECOND of testator's will, Mr. Butler could refuse to act as executor and still receive his $60,000. This option is not covered by the statute.

The court is aware that executors do have a presumptive right to commissions at statutory rates *(Matter of Friberg,* 199 Misc 593, 598; *Application of Knowles,* 101 NYS2d 601) and that as a general rule they may not lightly be deprived of such right unless expressly stated *(Matter of Cohen, supra).*

Based upon the principles discussed in the cited cases, the court would ordinarily favor a liberal construction of article SECOND of testator's will. The language of this article is inartful and capable of supporting opposite conclusions. Indeed, because of the inartful language, this decision is a "close call".

However, special circumstances in this case compel a strict interpretation of article SECOND. Mr. Butler, the nominated fiduciary, is an attorney and the draftsman of the will. It is observed that in none of the decisions cited is there any indication that the executor was also an attorney and the will draftsman. Of course, it is quite possible that such factors were present in some of the cases but went unmentioned. In any event, these cases were decided and SCPA 2307 (5) (b) was enacted long before the Court of Appeals in *Matter of Weinstock* (40 NY2d 1) began the development of a stricter judicial

scrutiny of the conduct of attorney-fiduciaries *(see, Matter of Laflin,* 111 AD2d 924; *Matter of Becker,* 104 AD2d 444, *lv denied* 64 NY2d 607; *Matter of Thron,* 139 Misc 2d 1045; *Matter of Stalbe,* 130 Misc 2d 725; *Matter of Harris,* 123 Misc 2d 247).

Mr. Butler advises that the difference between the bequest of $60,000 and statutory commissions is an additional $20,000. If testator had intended that Mr. Butler receive the larger of the two, he could have easily so provided. Furthermore, it appears that testator, himself an attorney, anticipated that if Mr. Butler chose to serve as executor he would also act as his own attorney and thus be compensated for services rendered in both capacities. The limitation on commissions in article SECOND may have been inserted to circumscribe his total compensation.

In *Matter of Klein* (NYLJ, Dec. 28, 1972, col 6, at 19 [Sur Ct, Bronx County]), where decedent's will contained a direction that the executors retain the draftsman of the will as their attorney at a fixed compensation, Surrogate McGrath held that, although such provisions are normally not effective, "[b]y being the draftsman of the will it must be deemed that he agreed to accept the limitations with respect to his legal fees which became a binding agreement upon the death of the testator". The rationale of the *Weinstock* line of cases requires this court to enforce a similar limitation on the attorney-draftsman in this case. Mr. Butler, as executor, must accept the specific compensation provided in the will in lieu of statutory commissions.

It may be observed, that even if this court were to allow Mr. Butler to renounce his legacy and take statutory commissions instead, the fact that he was receiving such commissions would be taken into consideration in fixing his compensation for legal services (SCPA 2111 [2]). The law is settled that absent special circumstances an attorney-executor cannot be paid full compensation in both capacities *(Matter of Moore,* 139 Misc 2d 26; *Matter of Gillett,* 139 Misc 2d 188; *Matter of Stalbe, supra; Estate of Sherwood,* NYLJ, May 19, 1988, at 15, col 5; *Estate of Schilling,* NYLJ, May 10, 1988, at 17, col 4; *Estate of Ketcham,* NYLJ, Mar. 25, 1988, at 31, col 4; *Estate of Smith,* NYLJ, Mar. 3, 1988, at 15, col 5; *Estate of Deguire,* NYLJ, July 23, 1987, at 16, col 4; *Matter of Orza,* NYLJ, Sept. 18, 1981, at 6, col 5).

Finally, the court is constrained to note that in his affidavit

submitted in the probate proceeding to satisfy the requirement of *Matter of Putnam* (257 NY 140) that an attorney who is a beneficiary of his client's will must explain the circumstances of the bequest, Mr. Butler pointed out: "I am not entitled to receive any commissions as an executor".

Based upon the foregoing, the court concludes that the bequest in lieu of commissions is binding upon Mr. Butler and that consequently he is not entitled to statutory commissions as executor of the will of William R. Carlisle.